**Deborah L. MILLER, in her Capacity as Secretary of Transportation for the State of Kansas, Respondent,**

v.

**Lester M. DEAN, Jr., et al., Appellant.**

**No. WD 69733.**

Missouri Court of Appeals, Western District.

April 14, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 2, 2009.

Application for Transfer Denied Sept. 1, 2009.

---

Charles H. Stitt, Kansas City, MO, for Appellant.

Timothy P. Orrick, Jason B. Prier, Overland Park, KS, for Respondent.

Before JAMES M. SMART, JR., P.J., JOSEPH M. ELLIS, and JAMES EDWARD WELSH, JJ.

JAMES EDWARD WELSH, Judge.

Lester M. Dean, Jr., appeals the circuit court's judgment registering a foreign (Kansas) judgment against him. Dean

contends that the circuit court erred in registering the Kansas judgment against him because the Kansas court lacked subject matter and personal jurisdiction to enter the original judgment. We affirm.

The judgment sought to be registered in this case arose out of eminent domain proceedings brought by the Kansas Secretary of Transportation, Deborah L. Miller, with respect to property located in Kansas. The Secretary filed an eminent domain petition in the District Court of Wyandotte County, Kansas, against Glacier Development Company, L.L.C., and others but did not name Dean as a party defendant. This petition described the land and identified Glacier as its fee simple owner. Subsequently, the District Court appointed appraisers, and the appraisers filed a report concluding that the fair market value of the land was $2,190,000. Glacier then filed an application to withdraw the full amount of the appraiser's award, with $600,000 being paid to Glacier's attorneys to pay off lien holders and other fees and the remainder being paid to Glacier, after payment of court-appointed appraisers' fees and court costs. The Kansas District Court, thereafter, ordered payment of the award in accordance with Glacier's application.

After the checks had been issued, the Kansas Secretary of Transportation filed a "Notice of Appeal from Award of Appraisers" in the District Court of Wyandotte County, Kansas. In that pleading, the Secretary named Glacier and several others as defendants but did not name Dean

as a defendant. On May 26, 2004, attorneys Reid F. Holbrook and Jarod G. Goff entered their appearance in the case on behalf of Glacier and "Lester M. Dean, Jr." At that point, Dean's name began appearing in the caption or as a moving party in many documents filed with the Kansas District Court. In its Pretrial Order, the Kansas District Court noted that attorneys appeared on behalf of Glacier and Dean, and the court found that Glacier and Dean were the owners of the property in question. The court also, under the heading of "Stipulations" noted: "Jurisdiction and venue is properly before the District Court of Wyandotte County, Kansas." [1] At trial, numerous representations were made to the jury that Dean was the owner of the property.[2] After the trial, the Kansas District Court entered its judgment reflecting that the jury determined the fair market value of the land to be $800,000 and that the Kansas Secretary of Transportation was entitled to judgment against "the Defendants" in the amount of $1,390,000 [3] plus interest. In this judgment, the term "the Defendants" referred to both Glacier and Dean.

Glacier and Dean appealed from that judgment. In their Docketing Statement filed with Court of Appeals of the State of Kansas, they listed Dean as a party defendant in the caption, and they represented in their "Brief Statement" of the case: "This is an eminent domain appeal. Prior to the date of taking, Glacier Development Company and Lester M. Dean, Jr. ("land-

1. In Kansas, "[t]he pretrial order supersedes the pleadings and effectively amends the pleadings to conform to it." *Knowles v. Fleetwood Motorhomes of Cal., Inc.*, 40 Kan.App.2d 573, 194 P.3d 38, 42 (2008) (citing *Bob Eldridge Constr. Co. v. Pioneer Materials, Inc.*, 235 Kan. 599, 684 P.2d 355, 362 (1984)).

2. Although the transcript of the proceedings before the Kansas District Court were not made a part of the record before the Jackson

County Court, portions of the record were read at the hearing before the Jackson County Circuit Court and witnesses were questioned about these statements.

3. This amount represented the difference between the amount previously paid out pursuant to the appraisers' award and the value of the property as determined by the jury.

owners") were the owners of two tracts of real property. . . ."

While the appeal was pending before the Kansas Supreme Court, Glacier and Dean filed a "Motion for Order *Nunc Pro Tunc* and/or Motion for Relief from Judgment" with the District Court of Wyandotte County. In the motion, they alleged:

2. That Lester M. Dean, Jr. (hereinafter "Dean") was *not* an owner of . . . any . . . property at issue . . . in his personal capacity nor did Dean receive said appraisers' award check in his personal capacity. . . . Rather, Dean was the president of Glacier Development Company, LLC, which was the fee simple owner of the subject property acquired by plaintiff. . . . As such, Dean was *not* named by plaintiff as a party defendant . . . , nor was Dean ever served with any Summons, Petition and/or Notice, in his personal capacity. . . . To the extent that Dean was served with any Summons, Petition and/or Notice, it was in his capacity as President of Glacier Development Company, L.L.C.

3. That as a result of all of the above, Dean was not a proper party defendant in [the case] in his personal capacity. To the extent that Dean was listed in the pleadings . . . , it was in his capacity as President of Glacier Development Company, L.L.C., and not in his personal capacity.

4. That in the Journal Entry of Judgment . . . , Dean was inadvertently listed as a defendant against whom judgment was taken. . . . However, as described in detail above, Dean was not a proper party defendant in his personal capacity.

5. As a result of all of the above, the name of Lester M. Dean, Jr. should be removed from the Journal Entry of Judgment as a defendant against whom judgment was taken. . . . Said change to the Journal Entry of Judgment will have no effect on the pendency of the appeal in this matter before the Kansas Supreme Court.

Glacier and Dean asked the District Court to amend the Journal Entry of Judgment, to remove Dean's name as a defendant, and to indicate that a judgment was not taken against Dean in his personal capacity. The District Court overruled the motion for an order *nunc pro tunc* and said:

Based upon all of the evidence taken at trial . . . , this court cannot find that the inclusion of defendant Dean's name as a party defendant was a clerical error or simple oversight within the meaning of K.S.A. 60–260(a).

The Court, not being able to make the finding requested by the defendant Dean, then must follow the case law . . . which holds that once a notice of appeal has been filed in the District Court and the case thereafter has been docketed in an appellate court the trial court loses its jurisdiction to make substantive modifications to a judgment. The change sought by the defendant Dean in its motion for order nunc pro tunc is substantive and not clerical and therefore this court has no jurisdiction to sustain defendant Dean's motion and it is accordingly overruled.

Moreover, while the appeal was pending before the Kansas Supreme Court, the Kansas Secretary of Transportation filed the petition in the present action with the Circuit Court of Jackson County for the registration of the Kansas judgment in Missouri. Dean filed a motion challenging the Secretary's request to register the Kansas judgment. Dean asserted that the Kansas judgment against him was void because the Kansas District Court lacked both personal and subject matter jurisdiction.

In the meantime, the Kansas Supreme Court issued a decision affirming the Kansas District Court judgment. *Miller v. Glacier Dev. Co.*, 284 Kan. 476, 161 P.3d 730 (2007). This decision did not specifically discuss any jurisdictional issues related to the judgment entered against Dean.[4] Dean, thereafter, filed a petition for writ of certiorari with the United States Supreme Court, which was denied on March 17, 2008. *Glacier Dev. Co. v. Miller,* —— U.S. ——, 128 S.Ct. 1657, 170 L.Ed.2d 355 (2008).

On May 21, 2008, the Circuit Court of Jackson County entered its judgment ordering that the Kansas judgment against Glacier and Dean be registered in Missouri.[5] The Court concluded that Dean "submitted himself to jurisdiction in Kansas" and that Dean "already litigated his jurisdictional claims in Kansas." Dean appeals.

We must affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *L & L Wholesale, Inc. v. Gibbens,* 108 S.W.3d 74, 76 (Mo.App. 2003). The circuit court's decision that the Kansas judgment should be registered as to Dean is a legal conclusion, which we review *de novo. Id.* at 78–79.

■■■■ Missouri courts give full faith and credit to judgments of sister states except where it can be shown that no jurisdiction exists over the subject matter or over the person or where the judgment was obtained by fraud. *Phillips v. Fallen,* 6 S.W.3d 862, 864 (Mo. banc 1999). Rule 74.14 provides for the registration of for-

eign judgments. It states, "A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a circuit court of this state...." Rule 74.14(b). "Absent a showing to the contrary, a judgment of a court of a sister state is entitled to a strong presumption that the court had jurisdiction over the parties and the subject matter and that it followed its laws and entered a valid judgment." *Wheeler v. Winters,* 134 S.W.3d 774, 777 (Mo.App.2004). "The party challenging the validity of a judgment has the burden of overcoming this presumption." *Id.*

■■■■ Where a party raises the issues of personal and subject matter jurisdiction in the foreign state and those issues are litigated, the foreign court's determination is conclusive and entitled to full faith and credit, even if its determination is wrong. *Sentinel Acceptance, Ltd., L.P. v. Hodson Auto Sales & Leasing, Inc.,* 45 S.W.3d 464, 469 (Mo.App.2001); *L & L Wholesale,* 108 S.W.3d at 80. A judgment regarding jurisdiction is entitled to full faith and credit where it has been fully and fairly litigated and finally decided in the original court. *Sentinel,* 45 S.W.3d at 469. A litigant, therefore, may raise the issues of personal and subject matter jurisdiction for the first time when the judgment is registered in Missouri only if the issues have not already been litigated and decided in the foreign state. *L & L Wholesale,* 108 S.W.3d at 80.

In ordering the Kansas judgment against Glacier and Dean to be registered in Missouri, the circuit court determined

4. In the "Factual and Procedural Background" portion of the case, the Kansas Supreme Court noted, however, that "Lester M. Dean, Jr., is the sole owner and manager of Glacier" and that Glacier purchased the land in question. *Miller,* 161 P.3d at 735.

5. The circuit court had postponed ruling on the petition for registration of foreign judgment pending resolution of the appellate proceeding before the Kansas Supreme Court.

that Dean had submitted himself to the jurisdiction of the Kansas District Court and that the issues of subject matter and personal jurisdiction had been fully litigated in the Kansas District Court. Regardless of whether or not the issues were previously litigated by the Kansas District Court, we find that the Kansas District Court had subject matter jurisdiction and personal jurisdiction over Dean.

■ Dean asserts that the Kansas District Court lacked subject matter jurisdiction because he did not receive the proceeds of the original appraisers' award and because the Kansas court could not enter a judgment for the return of such funds by him under Kan. Stat. Ann. § 26–511. In Kansas, "[j]urisdiction over the subject matter must be contained in the power of the court to hear and determine that case." *State v. Bickford,* 234 Kan. 507, 672 P.2d 607, 609 (1983). "Jurisdiction of the subject matter" means:

> "[T]he power to inquire and adjudge whether the facts of a particular case make that case a proper one for jurisdictional consideration by the judge before whom it is brought. It is the power to decide concerning the general question involved, and not the exercise of that power. It is the power to decide, regardless of whether that decision be right or wrong."

*Behee v. Beem,* 156 Kan. 115, 131 P.2d 675, 677 (1942) (citation omitted). According to Kan. Stat. Ann. Const. art. 3, § 6(b): "The district courts shall have such jurisdiction in their respective districts as may be provided by law." Kan. Stat. Ann. § 20–301 provides that a district court "shall have general original jurisdiction of all matters, both civil and criminal, unless otherwise provided by law, and also shall have such appellate jurisdiction as prescribed by law."

The action before the Kansas District Court was a civil case. Moreover, Dean does not contest that the Kansas District Court had the power in an eminent domain action to decide the general question of whether the compensation awarded on appeal of an appraisers' award is less than the amount paid to a plaintiff before the appeal. *See* Kan. Stat. Ann. § 26–511. In such cases, Kan. Stat. Ann. § 26–511 instructs: "[T]he judge shall enter judgment in favor of the plaintiff for the return of the difference." Dean merely questions the Kansas District Court's exercise of that power as it pertains to him, and such is not a proper consideration for subject matter jurisdiction. *Behee,* 131 P.2d at 677.

Dean asserts that the Kansas District Court could not exercise the power to enter a judgment *against him* personally for the return of funds under Kan. Stat. Ann. § 26–511 because he personally did not receive the proceeds of the original appraisers' award. Such an argument is not a matter of subject matter jurisdiction. We conclude that the Kansas District Court had subject matter jurisdiction and had the authority to hear this dispute in that it involved an action to recover excess condemnation proceeds.

Further, the Kansas Supreme Court has acknowledged that "eminent domain begins as a special statutory proceeding *in rem* under the Kansas statutes." *In re Ks. Turnpike Project,* 181 Kan. 840, 317 P.2d 384, 387 (1957). As such, an appeal to the district court from the award of the appraisers in an eminent domain proceeding "brings to that court a single action to be tried as such, without separating such action into as many separate actions as there are parties interested in the particular tract involved in the appeal[.]" *Id.* Indeed, as the Kansas Supreme Court held in *Dotson v. State Highway Commission,*

198 Kan. 671, 426 P.2d 138, 142–43 (1967) (citation omitted):

> [A]ny appeal by a landowner, lien holder or interested party brings to the district court for determination in a single action the sufficiency of the award for all interests in the tract or parcel of land under condemnation. The trial of that issue in the district court is binding on all parties to the action, subject to appeal to the [S]upreme Court.

The district court, therefore, had jurisdiction over this matter.

The next issue, therefore, is did the Kansas District Court have personal jurisdiction over Dean and the power to render a judgment to bind Dean. Dean argues that he was never served with process and never entered his appearance in the Kansas action, and, therefore, he was not subject to the jurisdiction of the Kansas District Court.

The Kansas Secretary of Transportation does not dispute that Dean was not named as a party in the eminent domain action or in the notice of appeal from the award of the appraisers. The Secretary also concedes that Dean was never served with process. Dean, however, through his attorneys entered his appearance in the appeal from the award of the appraisers. Dean also asserted an ownership interest in the property, participated in the trial, and was represented by counsel throughout the proceedings.[6] "The execution and filing of the written entry of appearance was equivalent to service of process, and [Dean] thereby submitted himself to the court's jurisdiction." *Dotson,* 426 P.2d at 143 (citation omitted). Moreover, given Dean's actions in asserting an ownership

interest in the property, actively participating in the trial, and being represented by counsel throughout the proceedings, Dean cannot now claim that the Kansas District Court did not have personal jurisdiction over him.[7]

We, therefore, affirm the circuit court's judgment registering the foreign (Kansas) judgment against Dean.

All concur.

before the Jackson County Circuit Court. In reaching our decision, this court did not consider any evidence outside the record on appeal.

---

6. *See* note 2, *supra.*

7. Dean filed a motion to strike portions of the Secretary of Transportation's appendix and brief because the Secretary relied on documents that were not a part of the record