PEOPLES BANK, Appellant,

v.

Stephen M. FRAZEE and Jennifer Frazee, Defendants,

and

H.L. Frazee, Respondent.

No. SC 90536.

Supreme Court of Missouri,
En Banc.

Aug. 31, 2010.

Michael J. King, Winters & King Inc., Tulsa, OK, and Richard L. Rollings Jr., Camdenton, for appellant.

Richard L. Schnake and Brian K. Asberry, Neale & Newman LLP, Springfield, for defendants.

PATRICIA BRECKENRIDGE, Judge.

A Missouri circuit court quashed registration of a foreign judgment Peoples Bank obtained in an Oklahoma district court against Missouri resident, H.L. Frazee. The Missouri court found that the Oklahoma court lacked personal jurisdiction over Mr. Frazee. Peoples Bank appeals. It challenges the circuit court's assignment of the burden of proof to Peoples Bank to establish that the Oklahoma court's jurisdiction was proper. Peoples Bank also challenges the Missouri court's finding that the Oklahoma court lacked personal jurisdiction over Mr. Frazee because he had insufficient minimum contacts with Oklahoma.

█ In a proceeding to register a foreign judgment, there is the strong presumption that the rendering court had jurisdiction and entered a valid judgment, and the party asserting the invalidity of the foreign judgment, here, Mr. Frazee, has the burden of overcoming the presumption of jurisdiction and validity. Because the facts and circumstances before the Court demonstrate that Mr. Frazee established minimum contacts with Oklahoma when he guaranteed a promissory note, the Oklahoma court's assertion of personal jurisdiction over Mr. Frazee comports with Oklahoma's long-arm statute and the Due Process Clause of the Fourteenth Amendment of the United States Constitution. The circuit court's judgment is reversed, and the case is remanded.

## Factual and Procedural Background

Peoples Bank is an Oklahoma banking corporation located in Tulsa. Stephen M. Frazee and Jennifer Frazee, a married couple who reside in Tulsa, borrowed money from Peoples Bank and executed a promissory note to the bank for repayment of the loan. When Stephen and Jennifer defaulted on the loan, Bill Burnett, executive vice president of Peoples Bank, met with Stephen and informed him that Peoples Bank was calling the promissory note due to the default. Stephen told Mr. Burnett that he believed his grandfather, H.L. Frazee, would help him.[1]

At Stephen's suggestion, Mr. Burnett telephoned Mr. Frazee, a Missouri resident who never has lived or owned property in Oklahoma, to discuss the situation.[2] Mr. Burnett informed Mr. Frazee that Stephen and Jennifer's note was in default, and they discussed what the bank would require. Mr. Frazee said that he wanted to talk to Stephen and Jennifer. Subsequently, Mr. Frazee called Mr. Burnett at the bank in Oklahoma and agreed to sign a guaranty of Stephen and Jennifer's promissory note. After their conversation, Mr. Burnett prepared and mailed the guaranty to Mr. Frazee at his Missouri address. Mr. Frazee signed the guaranty and mailed it back to Peoples Bank at its Tulsa address. Mr. Frazee was aware he was doing business with an Oklahoma bank on behalf of Stephen, who lived in Oklahoma. On April 26, 2006, simultaneously with Mr. Frazee's execution and delivery of the guaranty, Stephen and Jennifer executed a new promissory note.

Stephen and Jennifer defaulted on the new promissory note. Although demand

---

1. The record is unclear as to whether Stephen Frazee is H.L. Frazee's son or grandson. Their specific familial relationship is irrelevant to this Court's analysis. This opinion will refer to Stephen Frazee as "Stephen." No disrespect is intended by the use of a party's first name.

2. Mr. Burnett's affidavit indicates that he does not know whether he or Mr. Frazee initiated the call. Peoples Bank's suggestions in opposition to the motion to quash registration of the foreign judgment state that "H.L. Frazee was called."

for payment was made of Stephen, Jennifer and Mr. Frazee, the note was not paid. Peoples Bank filed a petition in the district court of Tulsa County, Oklahoma, against Stephen and Jennifer for breach of promissory note and against Mr. Frazee for breach of obligation upon guaranty. The court clerk mailed a summons to Mr. Frazee by certified mail to addressee only, but Mr. Frazee refused service.[3] None of the defendants filed answers in the Oklahoma action, and the Tulsa County district court entered a default judgment on July 13, 2007. The default judgment was in favor of Peoples Bank, finding Stephen, Jennifer, and Mr. Frazee jointly and severally liable for $72,520.84 plus interest, reasonable attorney fees, and costs.

Peoples Bank then filed the current action for registration of its foreign judgment in the circuit court of Wright County, Missouri. Mr. Frazee filed a limited entry of appearance and a motion to quash registration of the foreign judgment on the grounds that the judgment was void due to lack of personal jurisdiction over him by the Oklahoma court. After Peoples Bank filed suggestions in opposition to the motion, Mr. Frazee filed suggestions in support of his motion to quash registration and his affidavit. Peoples Bank filed its response to Mr. Frazee's suggestions. In Peoples Bank's response, it included the affidavit of Mr. Burnett. After a hearing at which no evidence was presented, the Missouri circuit court determined that the Oklahoma court did not have personal jurisdiction over Mr. Frazee and sustained his motion to quash the foreign judgment. In doing so, the circuit court placed the burden of proof to establish personal jurisdiction on Peoples Bank.

Peoples Bank appeals. Peoples Bank asserts that the circuit court erred in placing the burden on it to prove that the Oklahoma district court had personal jurisdiction over Mr. Frazee, a Missouri resident. Peoples Bank also claims that the circuit court erred in finding that the Oklahoma district court lacked personal jurisdiction over Mr. Frazee and argues that he had sufficient minimum contacts with Oklahoma so that maintenance of the lawsuit did not offend traditional notions of fair play and substantial justice. After an opinion by the court of appeals, this Court granted transfer. Mo. Const. art. V, sec. 10.

## Burden of Proof

Peoples Bank claims that the circuit court erred in finding that Peoples Bank had the burden of proof to establish that the Oklahoma court had personal jurisdiction over Mr. Frazee. Generally, when personal jurisdiction is contested by the filing of a motion to dismiss a Missouri action, the plaintiff bears the burden of establishing that the defendant's contacts with the forum state were sufficient. *State ex rel. Ranni Assocs., Inc. v. Hartenbach*, 742 S.W.2d 134, 137 (Mo. banc 1987). When the challenge to personal jurisdiction arises in the context of a motion to register a foreign judgment, however, the strong presumption of the validity of a foreign judgment that is regular on its face makes the general rule inapplicable.

Under article IV, section 1 of the United States Constitution, this Court must give full faith and credit to the valid judgment of a sister state unless there is (1) a lack of subject matter jurisdiction, (2) a lack of personal jurisdiction, or (3) fraud

---

**3.** Under OKLA. STAT. tit. 12 § 2004(C)(2)(c) (1993), refusal of certified mail by a defendant is valid service of process.

in the procurement of the judgment.[4] *Phillips v. Fallen,* 6 S.W.3d 862, 864 (Mo. banc 1999). "[A] foreign judgment, regular on its face, . . . is entitled to a strong presumption that the foreign court had jurisdiction both over the parties and the subject matter and the court followed its laws and entered a valid judgment." *Id.* at 868. The burden to overcome the presumption of validity and jurisdiction must be met with "the clearest and most satisfactory evidence," and this burden lies with the party asserting the invalidity of the foreign judgment. *Id.*

█ In this case, Mr. Frazee defaulted in the Oklahoma action, and judgment was entered against him. He contested the Oklahoma district court's personal jurisdiction over him for the first time in the Missouri circuit court. Because the issue was not litigated in the foreign state, Mr. Frazee had the right to attack the judgment for lack of personal jurisdiction in the Missouri circuit court. *Miller v. Dean,* 289 S.W.3d 620, 624 (Mo.App.2009). The Oklahoma judgment Mr. Frazee was contesting is regular on its face, so the judgment was subject to the strong presumption that the Oklahoma court had jurisdiction. As the party asserting invalidity of the foreign judgment, Mr. Frazee bore the burden of establishing that the Oklahoma court lacked personal jurisdiction. The circuit court erred in placing the burden on Peoples Bank.

█ The circuit court's error does not entitle Peoples Bank to relief, however. A circuit court's decision regarding whether a foreign judgment should be registered is a legal conclusion. *Big Tex Trailer Mfg., Inc. v. Duff Motor Co.,* 275 S.W.3d 384, 386 (Mo.App.2009). Likewise,

a circuit court's determination of personal jurisdiction is a legal conclusion. *Bryant v. Smith Interior Design Group, Inc.,* 310 S.W.3d 227, 231 (Mo. banc 2010). The circuit courts' legal conclusions are subject to a de novo review on appeal. *Miller,* 289 S.W.3d at 624. Therefore, when a defendant appeals a circuit court's decision regarding a claim of lack of personal jurisdiction in a registration-of-foreign-judgment proceeding, the appellate court reviews the legal conclusions de novo and determines whether the foreign court had personal jurisdiction over the defendant and whether the judgment should be registered. *Id.* This Court's de novo review eliminates any prejudice to Peoples Bank from the circuit court's erroneous assignment of the burden of proof to Peoples Bank.

### Personal Jurisdiction over Defendant

In its second claim of error, Peoples Bank argues that the circuit court erred in determining that the Oklahoma district court lacked personal jurisdiction over Mr. Frazee. Peoples Bank contends he had sufficient minimum contacts with Oklahoma so that maintenance of the lawsuit did not offend traditional notions of fair play and substantial justice. This Court must determine whether Mr. Frazee's actions surrounding the execution of the guaranty constitute sufficient minimum contacts with the forum that Oklahoma's exercise of personal jurisdiction over him was reasonable.

█ Because this jurisdictional challenge arises in the context of a motion to register a foreign judgment, this Court must look to the rendering state's law—

---

4. Article IV, section 1, the Full Faith and Credit Clause of the United States Constitution, states, "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." Rule 74.14 and section 511.760, RSMo 2000, detail the procedure to be followed when registering a foreign judgment.

that is, Oklahoma's substantive law—to determine whether the Oklahoma court had personal jurisdiction over Mr. Frazee. *See Phillips,* 6 S.W.3d at 868; *see also Pettit v. Am. Nat. Bank of Austin,* 649 P.2d 525, 527 (Okla.1982). The facts and circumstances considered in determining whether personal jurisdiction exists are those found by the registering and enforcing jurisdiction, rather than the rendering jurisdiction. *See Gletzer v. Harris,* 159 S.W.3d 462, 465–66 (Mo.App.2005) (applying New York substantive law to the facts found by the Missouri court); *see also Whipple v. JSZ Fin. Co.,* 885 So.2d 933, 936 (Fla.Dist. Ct.App.2004) (applying Texas substantive law to the facts found by the Florida court). Therefore, this jurisdictional inquiry can be made without deferring to any of the jurisdictional facts recited in the foreign judgment, *see Kilbourn v. Kilbourn,* 354 Mo. 17, 190 S.W.2d 206, 207 (1945), and Missouri civil procedure rules will govern the proceedings in the circuit court and this Court's review of the circuit court's judgment.

■ Under Missouri's procedural rules, if personal jurisdiction is challenged in a motion to register a foreign judgment, the parties may present affidavits to supplement the pleadings "or the court may direct that the matter be heard wholly or partly on oral testimony or deposition." *See Chromalloy Am. Corp. v. Elyria Foundry Co.,* 955 S.W.2d 1, 4 (Mo. banc 1997); *see also* Rule 55.28; *State ex rel. Harmon v. Scott,* 820 S.W.2d 101, 103 (Mo.

App.1991). The circuit court can believe or disbelieve any statement in such affidavits, and factual determinations are within the sole discretion of the circuit court.[5] *Chromalloy Am. Corp.,* 955 S.W.2d at 4.

■ Regarding Oklahoma's substantive law on personal jurisdiction, Oklahoma's long-arm statute authorizes an Oklahoma court to exercise jurisdiction "on any basis consistent with the Constitution of [Oklahoma] and the Constitution of the United States." Okla. Stat. tit. 12 § 2004(F) (1993). It extends Oklahoma courts' jurisdiction over non residents "to the outer limits of the Oklahoma Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Conoco, Inc. v. Agrico Chemical Co.,* 115 P.3d 829, 834 (Okla.2004). The "outer limits" have been established by the United States Supreme Court. *Id.* Therefore, the inquiry is whether the Oklahoma court's exercise of personal jurisdiction over Mr. Frazee comports with federal due process. *See Gilbert v. Sec. Fin. Corp. of Okla., Inc.,* 152 P.3d 165, 173 (Okla.2006).

■ The Due Process Clause of the Fourteenth Amendment requires that the defendant have minimum contacts with the forum state so that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Mini-

---

5. The only material question of fact that arose in the circuit court was created by a conflict or ambiguity in Peoples Bank's evidence regarding whether Peoples Bank or Mr. Frazee initiated the call to discuss guaranteeing Stephen and Jennifer's promissory note. The circuit court found that Peoples Bank initiated the call, but its resolution of this factual issue was based on its mistaken assignment of the burden of proof. In its judgment, the circuit court stated that, because the bank

had the burden of proving Mr. Frazee had sufficient contacts with Oklahoma, it resolved the ambiguity in Mr. Frazee's favor and assumed that Peoples Bank initiated contact with Mr. Frazee. As previously discussed, however, Mr. Frazee had the burden of proof, not the bank. Although the circuit court did not properly adjudicate the conflicting evidence on this fact, it will be explained below why this fact is not dispositive of the issue of personal jurisdiction.

mum contacts must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Jurisdiction is proper "where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State." *Id.* (internal citations omitted). Random, fortuitous, or attenuated contacts are not sufficient. *Id.* "In some cases, single or isolated acts by a defendant in a state, because of their nature and quality and the circumstances of their commission, provided sufficient minimum contacts to support jurisdiction for liability arising from those acts." *Bryant*, 310 S.W.3d at 233; *see also Int'l Shoe*, 326 U.S. at 318, 66 S.Ct. 154.

 In addition to proving that the defendant purposefully availed himself of the privilege of conducting activities within the forum, exercise of personal jurisdiction over a defendant with minimum contacts must be "reasonable" in light of the surrounding circumstances of the case. *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cty.*, 480 U.S. 102, 113, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). This reasonableness depends on an evaluation of several factors. *Id.* A court must consider the burden on the defendant, the forum's interest in adjudicating the dispute, and "the plaintiff's interest in obtaining convenient and effective relief." *Burg-*

*er King Corp.*, 471 U.S. at 477, 105 S.Ct. 2174. Consideration must also go to "the interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interest of the several States in furthering fundamental substantive social policies." *Asahi*, 480 U.S. at 113, 107 S.Ct. 1026 (quoting *World–Wide Volkswagen, Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).

 Consideration of these factors "sometimes serve[s] to establish a reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required." *Burger King Corp.*, 471 U.S. at 477, 105 S.Ct. 2174. "[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.* In determining whether a defendant has established sufficient minimum contacts, " 'the foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.' " *Id.* at 474, 105 S.Ct. 2174 (quoting *World–Wide Volkswagen*, 444 U.S. at 295, 100 S.Ct. 559).

 Peoples Bank alleges that Mr. Frazee's actions surrounding his execution of a guaranty of Stephen and his wife's promissory note establish minimum contacts with Oklahoma.[6] A guaranty is a contract, and "[a]n individual's contract

---

**6.** Personal jurisdiction can be general or specific. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8–9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). A court has general jurisdiction over a non-resident defendant if the defendant has "continuous and systematic" contacts with the forum not necessarily related to the cause of action. *Id.* at 414 n. 9 & 416, 104 S.Ct. 1868. A court

has specific jurisdiction over a non-resident defendant when the suit "aris[es] out of or [is] related to the defendant's contacts with the forum." *Id.* at 414 n. 8, 104 S.Ct. 1868. Peoples Bank's claim of personal jurisdiction over Mr. Frazee is a claim of specific jurisdiction because its suit for breach of guaranty obligation arises out of Mr. Frazee's contacts with the state when he executed the guaranty.

with an out-of-state party alone" cannot "automatically establish sufficiently minimum contacts in the other party's home forum." *Burger King Corp.*, 471 U.S. at 478, 105 S.Ct. 2174. Instead, whether an execution of a contract with an out-of-state party can constitute a sufficient contact for due process analysis is a multifaceted, fact-specific inquiry, and never a mechanical application of rules. *Id.* Prior negotiations and "contemplated future consequences," as well as the terms of the contract and the parties' course of dealings, are all factors that must be evaluated in determining "whether the defendant purposefully established minimum contacts within the forum." *Id.* at 479, 105 S.Ct. 2174.

Other jurisdictions that have addressed the contacts necessary to assert personal jurisdiction over a non-resident guarantor have undertaken "an independent factual assessment of a defendant's contacts with the forum when deciding whether it possesses jurisdiction over that defendant." *Mellon Bank (East) PSFS, Nat'l Ass'n. v. Farino*, 960 F.2d 1217, 1224 (3d Cir.1992). Based on the facts and circumstances of non-resident guarantor cases, some courts have reached the conclusions that a forum state has personal jurisdiction, while other courts have found no personal jurisdiction. *Mellon Bank*, 960 F.2d at 1225 n. 4 (finding personal jurisdiction); *U.S. v. Rollinson*, 629 F.Supp. 581, 587 (D.D.C.1986) (finding personal jurisdiction); *Bond Leather Co. v. Q.T. Shoe Mfg. Co.*, 764 F.2d 928, 935 (1st Cir.1985) (finding lack of personal jurisdiction). In *Arkansas Rice Growers Coop. Ass'n. v. Alchemy Indus., Inc*, the Eighth Circuit recognized three instances in which courts have found personal jurisdiction over a non-resident guarantor:

> there has been [1] substantive identity of the guarantors and the corporation whose obligation they guarantee, [2] evidence that the beneficiary of the guarantee contract would not have entered into the transaction without the guarantees of specific individuals, or [3] a provision in the guarantee contract or the underlying contract stating that the law of the forum state would control.

797 F.2d 565, 573–74 (8th Cir.1986).[7] *Arkansas Rice Growers* illustrates when additional factors surrounding the guaranty can create a situation in which it is proper to exert personal jurisdiction over a nonresident guarantor.

*Arkansas Rice Growers* lists inducement to renew the loan as a circumstance to determine if a court properly asserted jurisdiction over a non-resident guarantor. In this case, the evidence shows that, without Mr. Frazee's guaranty, Peoples Bank would not have executed a new promissory note with Stephen and Jennifer; instead, it would have called the previous loan. Mr. Frazee's guaranty induced Peoples Bank to renew the underlying loan. The language of the guaranty expressly states that Mr. Frazee's guaranty induced Peoples Bank to renew Stephen and Jennifer's loan. The first line of guaranty agreement contains the following provision:

> To induce the Lender to extend credit to the Debtor and for other good and valuable consideration, the receipt of which is acknowledged, and for the purpose of enabling the Debtor to obtain or renew loans, credit or other financial accommodation from the Lender named above, each of the undersigned as a primary obligor, jointly and severally and uncon-

---

7. In *Arkansas Rice Growers,* the Eighth Circuit also stated that if the guarantors stood to profit from the contract, "the assertion of jurisdiction over the non-resident guarantors comports with due process *in some cases.*" 797 F.2d at 573. (emphasis added).

ditionally: (1) guarantees to the Lender that Debtor will fully and promptly pay or otherwise discharge all indebtedness and other obligations ... upon which Debtor now is or may later ... become obligated to Lender[.]

Other courts have found similar provisions to be "express evidence" that the party would not have entered into an underlying contract without the executed guaranty. *Kimball Int'l Inc. v. Warmack,* 1989 WL 432179 *6 (S.D.Ind. March 22, 1989). In this case, the fact that Mr. Frazee's execution of the guaranty induced Peoples Bank to extend credit to Stephen and Jennifer and Mr. Frazee's active role in the process is sufficient to justify an exercise of personal jurisdiction over the non-resident guarantor.

In addition to the evidence that Mr. Frazee's guaranty induced the renewal of the underlying loan, this is not a case of "a single isolated transaction which involved the unilateral activity of [an] Oklahoman." *Hough v. Leonard,* 867 P.2d 438, 444 (Okla.1993). Mr. Frazee's contact with Oklahoma is not in the form of an incidental provision in a contract. Rather, the record shows that Mr. Frazee purposefully directed activity into the forum state, Oklahoma.

As a threshold issue, Mr. Frazee was aware, or at least should have been aware, that he was dealing with an Oklahoma bank.[8] He knew Stephen lived in Oklahoma, and the guaranty signed by Mr. Frazee lists an Oklahoma post-office box for the lender's address. Mr. Frazee spoke with Stephen and Mr. Burnett on the telephone and voluntarily signed the guaranty, which was drafted in Oklahoma and controlled by Oklahoma law. He voluntarily called Mr. Burnett after he spoke

to Stephen. In that conversation, he requested that the guaranty be mailed to him. He then mailed the guaranty back to Oklahoma. Mr. Frazee knew that he was signing a guaranty, a guaranty that obligated him to cover Stephen's loans if Stephen defaulted. Mr. Frazee maintained an active role in the guaranty process.

Although Mr. Burnett may have made the initial call to Mr. Frazee, "[t]he fact that someone else initiated the first contact does not mean that the entire course of conduct is considered unilateral." *Bryant,* 310 S.W.3d at 235 (relying on federal law). Even if Peoples Bank first called Mr. Frazee, this fact does not negate all of the other facts and circumstances surrounding the guaranty's execution that amount to Mr. Frazee having minimum contacts with Oklahoma. *See id.*

Mr. Frazee argues that a state may not exercise personal jurisdiction over a non-resident guarantor unless the guarantor could derive a pecuniary gain from the executed guarantee. Mr. Frazee argues that a non-resident guarantor must make a purposeful decision to participate in the forum's economy in order to avail itself to the benefits and protections of the forum. He derives this argument from *Bond Leather Co. v. Q.T. Shoe Mfg. Co.,* 764 F.2d 928 (1st Cir.1985).

In *Bond Leather,* the First Circuit applied the "contract plus" approach suggested by the Supreme Court's decision in *Burger King* to its personal jurisdiction inquiry involving non-resident guarantors. *Id.* at 933. The First Circuit found that "[t]he inquiry must narrow to whether the commercial action taken, in light of the contacts with the forum state it entailed, amounts to a purposeful decision by the

---

**8.** In Mr. Burnett's affidavit, he states that Mr. Frazee was aware that he was doing business with an Oklahoma bank on behalf of "his son" who lived in Oklahoma. Mr. Frazee's affidavit does not admit or dispute this allegation.

non-resident to 'participate' in the local economy and to avail itself of the benefits and protections of the forum." *Id.* at 933–34. The First Circuit then looked to the supplemental contacts linking the guarantor to the forum; whether the guarantor's role was active or passive; whether the guaranty created contract rights that could be enforced in the forum, which represents an intent of the guarantor to reap the benefits and protections of the forum; and any commercial benefits that resulted from the guaranty. *Id.* at 934. The First Circuit found that the guarantor had "absolutely no supplemental contacts" with the forum, the guarantor's role was passive, the guaranty did not create any contract rights, and the guarantor reaped no commercial benefits from the guaranty. *Id.* On these grounds, the First Circuit held that the forum did not have personal jurisdiction over the non-resident guarantor. *Id.* at 935.

Mr. Frazee focuses on only one factor in the First Circuit's analysis—commercial or pecuniary gain of the guarantor. *Bond Leather* does not stand for the proposition that a non-resident guarantor *must* reap a pecuniary or commercial gain from the execution of the guaranty for the forum to properly exercise personal jurisdiction over the non-resident guarantor. The *Bond Leather* analysis shows that the First Circuit, like many other jurisdictions, looked at all of the facts and circumstances surrounding the guaranty and made a determination based on the totality of the circumstances.

Applying the *Bond Leather* analysis, the facts in this case present a stronger argument than the facts surrounding *Bond Leather*'s guarantor for Oklahoma having personal jurisdiction over Mr. Frazee. Mr. Frazee took an active role in the guaranty process whereas, in *Bond Leather*, an intermediary completed the negotiations

and the guarantor took a completely passive role in the guaranty's execution. The record shows that Mr. Frazee engaged in telephone conversations with Peoples Bank and that he also mailed the guaranty back to Oklahoma.

Contrary to Mr. Frazee's assertion that a non-resident guarantor must reap a pecuniary gain, other courts have found that a personal financial benefit or pecuniary gain by the guarantor is unnecessary to exercise personal jurisdiction over the non-resident guarantor. *E.g.*, *Mellon Bank*, 960 F.2d at 1225 n. 4; *Rollinson*, 629 F.Supp. at 587; *Keelean v. Central Bank of the South*, 544 So.2d 153, 157–58 (Ala. 1989) *overruled for other reasons by Prof. Ins. Corp. v. Sutherland*, 700 So.2d 347 (Ala.1997). A personal financial benefit to or a pecuniary gain by Mr. Frazee is not necessary for Oklahoma to constitutionally exercise personal jurisdiction over him because a pecuniary gain by the defendant is not required for the defendant to purposefully avail himself to the laws of the forum state or to purposefully direct activity into the forum.

 Because the record shows that Mr. Frazee purposely availed himself to the forum, this Court must determine whether the exercise of personal jurisdiction over the nonresident defendant is reasonable. *Asahi*, 480 U.S. at 113, 107 S.Ct. 1026. This Court's reasonableness inquiry will focus on the burden on Mr. Frazee, the interests of Oklahoma, and the Peoples Bank's interest in obtaining relief, as well as the policy reasons for exercising jurisdiction over non-resident guarantors. *Id.*

 The burden on the defendant largely involves the foreseeability of defending a lawsuit in that forum. *World–Wide Volkswagen*, 444 U.S. at 297, 100 S.Ct. 559. The foreseeability of defending a lawsuit can be construed as "contemplated future consequence" of a contract. *See*

*Burger King*, 471 U.S. at 479, 105 S.Ct. 2174. Mr. Frazee should have known that he was subjecting himself to possible litigation in Oklahoma by agreeing to guaranty the Oklahoma loan that was already in default. A guaranty is a continuing obligation to pay to the lender if the debtor defaults on the underlying loan. "When a non-resident deliberately ... creates continuing obligations between the non-resident and the residents of the forum, the nonresident submits to the jurisdiction of the state." *Hough*, 867 P.2d at 442. Mr. Frazee knew that the debtors, who defaulted once, as well as the lender, Peoples Bank, were all residents of Oklahoma. In light of the fact that Stephen and Jennifer had defaulted on the loan and could not obtain a renewal without his guaranty, Mr. Frazee reasonably should have expected that they might default again. Mr. Frazee should have contemplated the potential for consequences in Oklahoma and the possibility of being haled into an Oklahoma court to defend a lawsuit if the loan was called. Moreover, if Peoples Bank had impermissibly called the loan, Mr. Frazee would have been protected by Oklahoma law.

Reasonableness also involves an inquiry into the interest of the forum state, Oklahoma, and the interests of the plaintiff in obtaining relief. *Burger King Corp.*, 471 U.S. at 477, 105 S.Ct. 2174. Oklahoma has a strong interest in being able to enforce guaranty agreements that its citizens draft and then rely on to extend credit. Peoples Bank has a strong interest in obtaining relief after it was induced to renew a defaulted loan. Peoples Bank would not have renewed the loan if Mr. Frazee had not executed the guaranty agreement. Its risk was minimized by the guaranty.

█ There are also sound policy reasons for exercising jurisdiction over nonresident guarantors. "[T]he Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed." *Mellon Bank*, 960 F.2d at 1222. In this case, Mr. Frazee voluntarily assumed the obligation of guaranteeing Stephen's note. He knowingly contracted with an Oklahoma bank on behalf of Oklahoma residents. Mr. Frazee's actions induced Peoples Bank to extend credit to Stephen and Jennifer. Mr. Frazee, who purposefully directed activity into the forum and purposefully availed himself to the protections of the Oklahoma, should not be able to avoid his interstate obligation by asserting that lack of personal jurisdiction.

### Conclusion

Because of the strong presumption of validity of foreign state judgments, Mr. Frazee had the burden to establish that the judgment was irregular or that Oklahoma lacked personal jurisdiction over him. Every personal jurisdiction case involves a fact-specific inquiry; it does not lend itself to categorical determinations. *Id.* at 1225. Under the facts and circumstances surrounding Mr. Frazee's execution of the guaranty, Mr. Frazee had the required minimum contacts with Oklahoma. Therefore, the Oklahoma court's exercise of personal jurisdiction over Mr. Frazee comports with Oklahoma's longarm statute and due process. Moreover, the Oklahoma's court's assertion of personal jurisdiction was reasonable. The circuit court's judgment is reversed, and the case is remanded.

All concur.