**GROUND FREIGHT EXPEDITORS, LLC, Respondent,**

v.

**Judy C. BINDER and Gerard F. Binder, Appellants.**

**No. WD 75102.**

Missouri Court of Appeals, Western District.

Aug. 27, 2013.

---

John D. Stasny, Bryan, TX, for Appellants.

Anthony S. Paris, Kansas City, MO, for Respondent.

Before Division One: MARK D. PFEIFFER, P.J., and VICTOR C. HOWARD and ALOK AHUJA, JJ.

ALOK AHUJA, Judge.

Respondent Ground Freight Expeditors, LLC sued Astorclub Corporation and two of its principals, Gerard and Judy Binder, in the Circuit Court of Clay County, alleging that they had failed to pay for shipping services Ground Freight provided to Astorclub. The Binders, who are husband and wife, are residents of New York, which is where Astorclub is headquartered. Although Astorclub and the Binders were served with process, they did not answer or otherwise respond to Ground Freight's petition, and the associate circuit division

of the circuit court entered a default judgment against them. More than two years later, the Binders filed a motion to set aside the default judgment, arguing that it was void because the circuit court lacked personal jurisdiction over them. The associate circuit division denied the motion and the Binders appeal. Because we conclude that the Binders failed to satisfy their burden of proof to demonstrate a lack of personal jurisdiction, we affirm.

### Factual Background

Astorclub is solely owned by Judy Binder, who serves as President of the corporation. Gerard Binder, her husband, also serves as an officer of Astorclub. Astorclub entered into an Agreement for Credit with Ground Freight, which provided for payment for Ground Freight's shipping services. Judy Binder executed the Agreement for Credit on Astorclub's behalf. Ground Freight is headquartered in Kansas City.

On November 16, 2007, Ground Freight sued Astorclub and the Binders in the Circuit Court of Clay County for failure to pay debts owed under the Agreement for shipping services Ground Freight had performed. Ground Freight's petition alleged that, in the Agreement for Credit, Astorclub consented to jurisdiction and venue "in any state or federal Court in the State of Missouri." The petition alleged that Judy Binder agreed to personally guarantee Astorclub's obligations under the Agreement for Credit, and was therefore jointly and severally liable for Astorclub's default. The petition also alleged that the Binders "are the sole stockholders, officers and directors of Defendant AstorClub and, together they exercise complete dominion and control over AstorClub." The petition contends that Astorclub is merely an "alter ego" of the Binders, that the corporate veil between Astorclub and the Binders should be pierced, and that the Binders should therefore be held jointly and severally liable for Astorclub's debts.

Astorclub and the Binders were served with process in New York. Nevertheless, neither Astorclub nor the Binders answered or otherwise responded to the petition, and on April 17, 2008, the associate circuit division of the circuit court entered a default judgment against all three defendants, jointly and severally, for the principal sum of $15,329.51, together with prejudgment interest of $2,343.53, attorney's fees of $5,752.27, and costs.

More than two years later, on June 9, 2010, the Binders entered a special appearance for the limited purpose of seeking to have the default judgment set aside on the ground that the circuit court lacked personal jurisdiction over them. No challenge was made to the judgment as to Astorclub. The associate circuit division entered an order denying the Binders' motion on July 16, 2010.

The Binders then filed an application for trial *de novo* in the circuit court. Ground Freight moved to dismiss the application for lack of subject-matter jurisdiction, arguing that the associate circuit division's order denying the motion to set aside default judgment did not fall within the category of cases for which a trial *de novo* is authorized by § 512.180.1, RSMo. Ground Freight argued that the Binders' only recourse was to file a direct appeal with this Court.

After a hearing, the circuit court denied the Binders' application for trial *de novo*. The Binders appealed. This Court affirmed the denial of the motion for trial *de novo*, but found that the denial of the Binders' motion to set aside the default judgment was not before the Court, because "the circuit judge never reached the merits of the motion to set aside the default judgment.... If the Binders desire

to seek review of the denial of their motion to set aside the default judgment based on the merits of the motion, they must timely appeal from a final judgment rendering a decision on the merits of the motion." *Ground Freight Expeditors, LLC v. Binder*, 359 S.W.3d 123, 127 (Mo.App. W.D. 2011).

Following our disposition of the prior appeal, the Binders moved in the associate circuit division for the entry of a final judgment on the denial of their motion to set aside the default judgment. The associate circuit division entered a final judgment denying the Binders' motion to set aside the default, and this appeal follows.

### Standard of Review

Whether a default judgment is void for lack of personal jurisdiction presents a question of law that we review *de novo,* giving no deference to the circuit court's decision. *Sieg v. Int'l Envtl. Mgmt., Inc.,* 375 S.W.3d 145, 149 (Mo.App. W.D.2012); *Bueneman v. Zykan,* 52 S.W.3d 49, 58 (Mo.App. E.D.2001).

### Analysis

The Binders' Point Relied On argues that the circuit court lacked personal jurisdiction over them because "the defendants did not consent to jurisdiction in Missouri or have sufficient contacts with the State of Missouri as required by due process and the Missouri long-arm statute." In their argument, they contend that Ground Freight "has failed to meet its burden of establishing that the Binders ... had sufficient contacts with Missouri to allow the exercise of personal jurisdiction over them," because "[t]here is no allegation" that either of the Binders ever traveled to Missouri, transacted business in Missouri, or otherwise had contacts with the State.

■ The Binders' argument on appeal ignores the fact that, because *they* were the parties seeking to set aside a final judgment on the ground that it was void, the burden was on them to demonstrate a lack of personal jurisdiction. It is well-established that, with respect to a motion to set aside a default judgment under Rule 74.05(a), " '[t]he movant ... bears the evidentiary burden of proving entitlement to the relief requested.' " *Coble v. NCI Bldg. Sys., Inc.,* 378 S.W.3d 443, 447 (Mo.App. W.D.2012) (quoting *Saturn of Tiffany Springs v. McDaris,* 331 S.W.3d 704, 709 (Mo.App. W.D.2011)). Moreover, "[a] motion to set aside a default judgment does not prove itself and must be supported by affidavits or sworn testimony." *In re Marriage of Callahan,* 277 S.W.3d 643, 644 (Mo. banc 2009); *see also Saturn of Tiffany Springs,* 331 S.W.3d at 712–13 (" 'a motion to set aside a default judgment is not a self-proving motion). The motion must itself be verified or otherwise be supported by sworn testimony or affidavit testimony.' " (quoting *Agnello v. Walker,* 306 S.W.3d 666, 673 (Mo.App. W.D.2010)).

■ These principles apply with equal—if not greater—force in this case, where the Binders filed a motion to set aside the default judgment under Rule 74.06(b)(4) more than two years after it was entered, on the ground that the judgment against them was void for lack of personal jurisdiction. Because a defendant may file a Rule 74.06(b)(4) motion contending that a judgment is void at any time, and because "[c]ourts favor finality of judgments, ... the concept of a void judgment is narrowly restricted." *Goins v. Goins,* No. SC92672, 406 S.W.3d 886, 891–92, 2013 WL 3716652, at *4 (Mo. banc July 16, 2013) (citing *Forsyth Fin. Grp., LLC v. Hayes,* 351 S.W.3d 738, 740 (Mo.App. W.D.2011)).

■ "A judgment is void under Rule 74.06(b)(4) only if the circuit court that rendered it (1) lacked subject matter juris-

diction; (2) lacked personal jurisdiction; or (3) entered the judgment in a manner that violated due process." *Id.* As we explained in *Forsyth Financial*, "[a] judgment is not void merely because it is erroneous." 351 S.W.3d at 740; *see also, e.g., State ex rel. Koster v. Walls*, 313 S.W.3d 143, 145 (Mo.App. W.D.2010). Moreover, "[t]he fact that a plaintiff's pleading is deficient, and fails to state a claim for relief, does not render the resulting judgment 'void.'" *Unifund CCR Partners v. Kinnamon*, 384 S.W.3d 703, 707 (Mo.App. W.D.2012) (citing *Forsyth Fin.*, 351 S.W.3d at 741).

The Binders cite *Bryant v. Smith Interior Design Group, Inc.*, 310 S.W.3d 227 (Mo. banc 2010), for the proposition that, "[w]hen personal jurisdiction is contested, 'it is the plaintiff who must shoulder the burden of establishing that defendant's contacts with the forum state were sufficient.'" *Id.* at 231 (quoting *Angoff v. Marion A. Allen, Inc.*, 39 S.W.3d 483, 486 (Mo. banc 2001)); *see also, e.g., Fulton v. The Bunker Extreme, Inc.*, 343 S.W.3d 9, 12 (Mo.App. S.D.2011); *Noble v. Shawnee Gun Shop, Inc.*, 316 S.W.3d 364, 369–70 (Mo.App. W.D.2010). While the Binders are correct that the burden of proof is on the plaintiff to establish personal jurisdiction *where the issue is raised before the entry of judgment*, this rule has no application where a defendant who was properly served with process chooses not to appear, and later contends that a default judgment is void for lack of personal jurisdiction.

The Missouri Supreme Court addressed a similar burden-of-proof question in *Peoples Bank v. Frazee*, 318 S.W.3d 121 (Mo. banc 2010). In *Frazee*, a bank obtained a default judgment on a delinquent loan in Oklahoma, and then sought to register the judgment against the borrowers in Missouri. On appeal, the bank (the plaintiff in

the underlying action) contended that the circuit court had erroneously placed the burden of proof on it to establish personal jurisdiction. The Supreme Court agreed. It recognized that "[g]enerally, when personal jurisdiction is contested by the filing of a motion to dismiss a Missouri action, the plaintiff bears the burden of establishing that the defendant's contacts with the forum state were sufficient." *Id.* at 126. The Court held that a different rule applied, however, after judgment was entered. Despite the rule placing the burden on the plaintiff to establish personal jurisdiction in response to a motion to dismiss,

> [w]hen the challenge to personal jurisdiction arises in the context of a motion to register a foreign judgment, however, the strong presumption of the validity of a foreign judgment that is regular on its face makes the general rule inapplicable.
>
> . . . A foreign judgment, regular on its face, is entitled to a strong presumption that the foreign court had jurisdiction both over the parties and the subject matter and the court followed its laws and entered a valid judgment. The burden to overcome the presumption of validity and jurisdiction must be met with the clearest and most satisfactory evidence, and this burden lies with the party asserting the invalidity of the foreign judgment.

In this case, Mr. Frazee defaulted in the Oklahoma action, and judgment was entered against him. He contested the Oklahoma district court's personal jurisdiction over him for the first time in the Missouri circuit court. Because the issue was not litigated in the foreign state, Mr. Frazee had the right to attack the judgment for lack of personal jurisdiction in the Missouri circuit court. The Oklahoma judgment Mr. Frazee was contesting is regular on its face, so the

judgment was subject to the strong presumption that the Oklahoma court had jurisdiction. As the party asserting invalidity of the foreign judgment, Mr. Frazee bore the burden of establishing that the Oklahoma court lacked personal jurisdiction. The circuit court erred in placing the burden on Peoples Bank. *Id.* at 126–27 (citations, footnote, and internal quotation marks omitted); *see also Office Supply Store.com v. Kansas City Sch. Bd.*, 334 S.W.3d 574, 577 (Mo.App. W.D. 2011).

Just like the respect afforded a final judgment of a sister state, Missouri courts have held that the scope of "void" judgment must be "narrowly restricted" " 'to protect the strong public policy interest in the finality of judgments.' " *Unifund CCR Partners*, 384 S.W.3d at 706 (quoting *Forsyth Fin.*, 351 S.W.3d at 740). Based on the strong public policy favoring the finality of judgments entered by Missouri's courts, we conclude that *Frazee*'s holding (that the defendant bears the burden of proof where personal jurisdiction is attacked post-judgment) is equally applicable here. *See Patel v. Patel*, 380 S.W.3d 625, 629 (Mo.App. W.D.2012) (stating in passing that, where husband sought to set aside default dissolution decree, "Husband merely needed to prove lack of personal jurisdiction for the court to have set aside the judgment"). Placing the burden on the moving party is particularly warranted in this context, where a motion to set aside a judgment as void may be filed years after the judgment's entry, and when the evidence concerning the existence of personal jurisdiction may be largely, if not exclusively, in the defendant's possession.

It appears that the majority of federal courts follow the same rule: although the plaintiff bears the burden of proof when personal jurisdiction is challenged before judgment, the burden shifts to the defendant when the issue is not raised until a post-judgment motion to vacate (assuming that the defendant had notice of the action before judgment was entered). As the United States Court of Appeals for the Second Circuit explained,

placing the burden on the defendant reflects the concerns of comity among the district courts of the United States, the interest in resolving disputes in a single judicial proceeding, the interest of the plaintiff in the choice of forum, and the fear of prejudice against a plaintiff who, owing to delay, might in subsequent collateral proceedings no longer have evidence of personal jurisdiction that existed at the time of the underlying suit.

*Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298–99 (2d Cir.2005) (citation and internal quotation marks omitted).[1]

■ The Binders' appellate brief argues that they are entitled to have the default judgment set aside because Ground Freight failed to allege, or produce evidence, establishing personal jurisdiction over them. This argument is based on the mistaken belief that it was Ground Freight's burden to establish personal jurisdiction. The Binders offer no argument that *they* satisfied *their burden* to show a lack of jurisdiction: they cite no evidence to support their claims that they have no business or other contacts with Missouri, or to establish that piercing the corporate veil between themselves and Astorclub was unjustified. Moreover, the Legal File they

1. *See also, e.g., be2 LLC v. Ivanov*, 642 F.3d 555, 557 (7th Cir.2011); *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 126 (2d Cir. 2008); *Sec. & Exch. Comm'n v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1163 (9th Cir.2007); *Bally Exp. Corp. v. Balicar, Ltd.*, 804 F.2d 398, 401 (7th Cir.1986); *but see, e.g.,* *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir.2009); *Iowa State Univ. Research Found., Inc. v. Greater Continents Inc.*, 81 Fed.Appx. 344, 349 (Fed.Cir. 2003); *Morris v. B.C. Olympiakos, SFP*, 721 F.Supp.2d 546, 554–57 (S.D.Tex.2010).

compiled contains only their Motion to Set Aside Default Judgment, which simply states that, "[a]s explained in the Memorandum filed in support of this Motion, the judgment was entered without personal jurisdiction over the Binders because the Binders have had no contacts with Missouri and have not consented to jurisdiction of this Court." The Binders' Memorandum is not included in the Legal File, and the Motion itself makes no reference to any evidence which might support their contentions. Because it was the Binders' obligation to provide us with a record sufficient to review their claims, we presume that no evidence supporting their jurisdictional arguments was submitted to the trial court. *Wagner v. Bondex Int'l, Inc.*, 368 S.W.3d 340, 357 (Mo.App. W.D.2012); *Saturn of Tiffany Springs v. McDaris*, 331 S.W.3d 704, 714 (Mo.App. W.D.2011). We also note that, despite the Binders' claim that "[t]here is no allegation" concerning their contacts with Missouri in Ground Freight's petition, "[t]he fact that a plaintiff's pleading is deficient, and fails to state a claim for relief, does not render the resulting judgment 'void.'" *Unifund CCR Partners*, 384 S.W.3d at 707.

### Conclusion

The Binders' bare assertion—two years after the entry of the default judgment—that they were not subject to personal jurisdiction in Missouri was not self-proving, and they failed to provide the trial court with any evidence to satisfy their burden of proving that the default judgment was void. The associate circuit division's judgment denying the Binders' motion to set the default judgment aside is affirmed.

All concur.