Evelyn FLEXTER, Plaintiff-Respondent,

v.

Leo FLEXTER, Defendant-Appellant.

Nos. 47706, 47809.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 8, 1985.

Walter J. Kramer, St. Louis, for defendant-appellant.

Hardy C. Menees, Clayton, for plaintiff-respondent.

JEAN C. HAMILTON, Special Judge.

Leo Flexter appeals the orders of the Circuit Court, St. Louis County, in two cases, consolidated on appeal, involving the registration of foreign judgments. For the reasons set forth below, we affirm the trial court's orders in each case.

On November 7, 1980, the District Court of Sedgewick County, Kansas, entered a default judgment entitled "Journal Entry and Decree of Divorce" in the case of Leo Flexter, Plaintiff, and Evelyn Flexter, Defendant, Case No. 80D3240. On March 16, 1982, Appellant, Leo Flexter filed Cause No. 470189, a Petition for Registration of a Foreign Judgment, in St. Louis County Circuit Court. Respondent Evelyn M. Flexter was personally served with the petition on April 15, 1982. After she failed to appear or to plead, the Kansas judgment of November 7, 1980, was registered in Missouri on June 9, 1982. Notice of the registration of this judgment was sent to Respondent on August 4, 1982.

On December 20, 1982, the District Court of Sedgewick County, Kansas, granted Respondent Evelyn Flexter a new trial in Case No. 80D3240 on the issues of property division and support and, on April 7, 1983, entered its "Journal Entry of Judgment" on those issues. On May 25, 1983, Respondent filed Cause No. 490656 in St. Louis County Circuit Court, a Petition for Registration of a Foreign Judgment, by which she sought to register the Kansas judgment of April 7, 1983, in Missouri. Appellant answered this Petition, asserting as affirmative defenses that the Kansas Court lacked jurisdiction over him to enter the judgment of April 7, 1983, and that the latter judgment was in conflict with the Kansas judgment of November 7, 1980, previously registered in St. Louis County on June 9, 1982 (Cause No. 470189).

On June 13, 1983, in Cause No. 470189, Respondent filed a Motion to Set Aside and Expunge Judgment on the ground, *inter alia*, that the Kansas Court had now set aside the default divorce order entered in Kansas in November, 1980, which was the foreign judgment registered in Missouri on June 9, 1982. The motion was heard and submitted on July 8, 1983. By order of the trial court on July 8, 1983, Appellant was given an opportunity to file a responsive memorandum on or before July 25, 1983, but none is reflected in the file.

On September 8, 1983, the trial court held a hearing in Cause No. 490656, with attorneys for both parties present. The court denied Appellant Leo Flexter's request for continuance of the hearing. It proceeded to admit evidence and to hear arguments of counsel regarding the Petition for Registration of a Foreign Judgment in Cause No. 490656. It also heard comments of counsel concerning the Respondent's Motion to Set Aside and Expunge Judgment in Cause No. 470189. The trial judge, thereafter, sustained Respondent's Motion to Set Aside and Expunge Judgment in Cause No. 470189 on August

17, 1983, and ordered registration of the Kansas judgment of April 7, 1983, in Cause No. 490656 on September 16, 1983. These appeals followed.

Appellant contends (1) that the trial court improperly registered the Kansas judgment of April 7, 1983, because it failed to determine in an evidentiary proceeding whether the Kansas Court had jurisdiction to enter such a judgment; (2) that the judgment of April 7, 1983, was in conflict with the earlier Kansas judgment dated November 7, 1980, and, therefore, not entitled to full faith and credit in Missouri courts; and (3) that the trial court erred in sustaining the Motion to Set Aside and Expunge Judgment in Cause No. 470189 because the pleadings were insufficient, proof was lacking and the Respondent, having been in default when the judgment of registration was entered, is barred from now raising her defenses to the registration.

■ The record fails to support Appellant's first contention. The hearing of September 8, 1983, was an evidentiary hearing, having been timely set on a "testimony docket." The trial court gave both parties an opportunity to present evidence. Without objection by the Appellant, Respondent offered, and the court received into evidence, an authenticated copy of the Kansas judgment of April 7, 1983. Appellant offered no evidence, but, for the first time, orally requested a continuance which the court denied.

■ Appellant does not contend, nor does the record reflect, that the court's denial of a continuance was improper. *See Chapman v. St. Louis County Bank*, 649 S.W.2d 920, 922 (Mo.App.1983). At the close of the hearing, the sole evidence before the court was the Kansas judgment of April 7, 1983. By the terms of that judgment, the Kansas court found that it did have jurisdiction over Appellant, Leo Flexter, in order to determine "all issues pertinent to a divorce other than the dissolution of the marital bond between the parties, since this Court is compelled to correct any

wrongs that may have occurred by the previous default divorce order that has now been set aside." The introduction into evidence of that judgment gave rise to a presumption of its present validity because

[a] judgment rendered by a court of general jurisdiction of a sister state is presumed, absent any showing to the contrary, to be a judgment wherein the court not only had jurisdiction over both the parties and over the subject matter, but also that the court followed its laws and entered a valid judgment in accordance with the issues made in the case.

*Corning Truck and Radiator Service v. J.W.M., Inc.*, 542 S.W.2d 520, 524 (Mo.App. 1976). Having failed to produce evidence to overcome the presumption of validity which must be accorded the Kansas judgment of April 7, 1983, Appellant has failed to demonstrate error by the trial court. His first point is, therefore, denied.

In points two and three, Appellant claims error by the trial court in setting aside the Missouri judgment of June 9, 1982, which registered the Kansas divorce judgment of November 7, 1980. We reject this claim.

■ The purpose of the Uniform Enforcement of Foreign Judgments Law (hereinafter, Uniform Act), § 511.760, RSMo (1978), is "to afford judgment creditors an alternative and summary method of enforcing judgments of foreign forums which were entitled to full faith and credit under the Federal Constitution." *Corning Truck and Radiator Service v. J.W.M., Inc.*, 542 S.W.2d at 525. The nature of this law is derivative. It operates only upon extant foreign judgments entitled to full faith and credit by the registering state. The registering state can give the foreign judgment no greater effect than it would receive from courts in its rendering state. *Winget v. Woods*, 294 S.W.2d 43, 46 (Mo. App.1956). When, in December, 1982, the Kansas court set aside its default divorce order of November 7, 1980, on the issues of property division and support, that judg-

ment with respect to those two issues was no longer entitled to full faith and credit by Missouri. The Kansas judgment as to those issues became a nullity in Kansas and therefore, could be afforded no greater force in Missouri. The subsequent rulings on April 7, 1983, by the Kansas court on property division and support were substitute rulings, or, in the words of the Kansas judgment of April 7, 1983, "proper rulings that initially would have been made had full and complete information been presented to the Court at the time of the default divorce hearing." At no time were the two Kansas judgments in conflict.

■ Respondent's Motion to Set Aside and Expunge Judgment was a permissible procedure to invoke the equity jurisdiction of the Missouri court to set aside, on the basis of material mistake of fact, a final Missouri judgment that registered a foreign divorce decree. *See* S——— *v.* S———, 490 S.W.2d 344, 349–50 (Mo.App. 1973). Respondent's motion appended a duly authenticated copy of the Kansas court's judgment of April 7, 1983, which demonstrated that "full and complete information" had not been presented to the court at the time of the default divorce hearing. As a result of this mistake of material fact, the Kansas court set aside its default divorce order of November 7, 1980, as to property and support, litigated those issues, and entered a judgment on them on April 7, 1983. Appellant, although afforded an opportunity by the trial court to respond to Respondent's Motion to Set Aside or Expunge Judgment, failed to do so. Respondent's Motion and the authenticated Kansas order of April 7, 1983, stand unrefuted in the record and provide substantial evidence to support the trial court's action setting aside the judgment.

The orders of the trial court are affirmed.

CRANDALL, P.J., and CHANNING D. BLAEUER, Special Judge, concur.