Forest R. DELHAGEN and Carolyn L. Delhagen, Plaintiffs–Appellants,

v.

MIRACLE RECREATION EQUIPMENT COMPANY, INC., Defendant–Respondent.

No. 19440.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 24, 1995.

Jerry L. Holcomb, Collins, Webster & Rouse, P.C., Joplin, for appellants.

Spencer J. Brown, Brett C. Coonrod, Deacy & Deacy, Kansas City, for respondent.

PARRISH, Judge.

Forest R. Delhagen and Carolyn L. Delhagen (plaintiffs) appeal an order setting aside registration of a foreign judgment. The pleading plaintiffs filed in attempting to comply with Rule 74.14(c)(1) identified Miracle

Recreation Equipment Co., Inc., (Miracle) as judgment debtor. The trial court, in response to Miracle's motion to set the registration aside, found that Miracle was not the judgment debtor according to the terms of the foreign judgment. This court affirms.

Plaintiffs obtained a judgment, following a jury trial, in the Circuit Court of Manatee County, Florida, against Setmakers, Inc., (Setmakers). Miracle was also a party defendant in the Florida action, but the Florida court entered a directed verdict in its favor. The caption of the Florida judgment that plaintiffs sought to register in the Circuit Court of Barry County, Missouri, named Setmakers and Miracle as defendants. Setmakers was the first named defendant. The body of the judgment stated, however:

> IT IS ADJUDGED that plaintiffs, FOREST R. DELHAGEN and CAROLYN L. DELHAGEN, recover from defendant SETMAKERS, INC. the sum of $49,500.00 that shall bear interest at the rate of 12% a year for which let execution issue. The Court reserves jurisdiction solely for the purpose of taxation of costs upon appropriate motion.
>
> ORDERED and ADJUDGED in Chambers at Bradenton, Manatee County, Florida this ___[1] day of *March*, 1993.

The affidavit filed with the authenticated copy of the Florida judgment is captioned, "FOREST R. DELHAGEN and CAROLYN L. DELHAGEN, Plaintiffs, vs. MIRACLE RECREATION EQUIPMENT COMPANY, successor in interest to SETMAKERS, Inc., Defendant." It states with respect to the judgment debtor, "The name and last known address of the judgment debtor herein is Miracle Recreation Equipment Company, Highway 60 and Bridle Lane, Monett, Missouri, 65708."

Plaintiffs present three points on appeal. All three pertain to business relationships between Miracle and Setmakers, including their merger prior to the date of the Florida judgment. Point I contends the trial court erred in setting aside registration of the foreign judgment because of the merger. Point II contends the trial court erred in setting aside the registration of the foreign judgment because Miracle is liable on the judgment against Setmakers because Miracle was "in privity with Setmakers" and was bound to protect Setmakers. Point III contends the trial court erred in setting aside the registration of the foreign judgment because "Miracle is the alter ego of Setmakers."

 Plaintiffs' points on appeal are based on allegations outside the parameters of the language in the Florida judgment. As such, they present nothing for review. Missouri courts accept foreign judgments in the form they were rendered.

> A copy of any foreign judgment authenticated in accordance with the act of Congress or the statutes of this state may be filed in the office of the clerk of any circuit court of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a circuit court of this state and may be enforced or satisfied in like manner.

Rule 74.14(b). Missouri courts do not go beyond the language of the judgment in affording full faith and credit to it. *Jennings v. Klemme*, 620 S.W.2d 403, 406 (Mo.App. 1981). "[G]iving full faith and credit to a foreign judgment precludes any inquiry into the merits of the underlying cause of action, and, also, precludes any questioning of the logic or consistency of the decision or the validity of the legal principles upon which the judgment is based." *Matter of Estate of Fields*, 588 S.W.2d 50, 52 (Mo.App.1979).

The purpose of the Uniform Enforcement of Foreign Judgments rule, Rule 74.14, is to provide judgment creditors a means by which they can enforce judgments from other forums that are entitled to full faith and credit by reason of the U.S. Constitution. *Flexter v. Flexter*, 684 S.W.2d 589, 591 (Mo.

---

**1.** A mark that appears to be a single digit is included in this blank; however, it cannot be deciphered.

App.1985). It is derivative in nature in that it operates only on extant judgments. *Id.*

Plaintiffs' Florida judgment is against Setmakers, not Miracle. By attempting to register it as a judgment against Miracle, plaintiffs did not comply with Rule 74.14. Plaintiffs are not, however, precluded from hereafter registering the Florida judgment by following the procedures required by Rule 74.14.[2] The trial court's order granting Miracle's Motion to Set Aside Registration of Foreign Judgment is affirmed.

GARRISON, P.J., and CROW, J., concur.

2. This court need not, and does not, determine whether Miracle is liable to plaintiffs for Setmakers' judgment debt. The sole issue presented by this appeal is whether a foreign judgment against

Miracle was registered in the Circuit Court of Barry County, Missouri. No such judgment was registered.