

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| IN RE THE MATTER OF: MICHAEL SHIPLEY, | ) |
| | ) |
| | ) WD78210 Consolidated with |
| Appellant, | ) WD78370 and WD78519 |
| | ) |
| v. | ) OPINION FILED: August 11, 2015 |
| | ) |
| TRUSTEE FOR CHILD SUPPORT PAYMENT, STATE OF MISSOURI, DEPT. OF SOCIAL SERVICES, FAMILY SUPPORT DIV., LAURA GIBBS AND INTERSTATE COLLECTION UNIT, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Respondents. | ) |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Patrick W. Campbell, Judge

Before Division One: Cynthia L. Martin, Presiding Judge, Joseph M. Ellis, Judge and
James E. Welsh, Judge

**Per curiam:**

Michael Shipley ("Shipley") appeals judgments in three separate cases that have been consolidated on appeal. In each case, Shipley sought to register as a foreign judgment a federal court order Shipley claims entered a monetary default judgment

against the Trustee for Child Support Payment ("Trustee"). In each case, Shipley's attempt to register the federal court order was dismissed. Finding no error, we affirm.

**Factual and Procedural History**

In May 2003, the District Court of Johnson County, Kansas ("Kansas Court"), ordered Shipley to pay $160 a month in child support. In December 2010, a hearing officer issued an order increasing the child support payment to $270 a month. The Kansas Court approved the order and entered a judgment requiring Shipley to pay $270 a month in child support ("Kansas Judgment"). Shipley's appeals challenging the increase in his child support obligation were not successful and were ultimately dismissed in November 2011.

On July 11, 2011, Shipley filed a *pro se* 42 U.S.C.A. section 1983 complaint against Trustee, Laura Gibbs,[1] and the Interstate Collection Unit (collectively "Defendants") in the United States District Court for the Western District of Missouri ("Federal Suit"). The Federal Suit claimed that the Defendants' efforts in Missouri to collect child support ordered to be paid by the State of Kansas were fraudulent, and that the Defendants had engaged in counterfeiting, the creation of false companies, embezzlement, forgery, identity theft, and civil rights violations. The Federal Suit requested $66.675 million in damages.

On December 14, 2011, the United States District Court for the Western District of Missouri ("District Court") dismissed the Federal Suit. Shipley appealed to the United States Court of Appeals for the Eighth Circuit ("Eighth Circuit"). While the appeal was

---

[1]Gibbs is the mother of the child for whom the child support order was entered against Shipley.

2

pending, Shipley filed a motion seeking a default judgment in the Federal Suit in the amount of $66.675 million. Shipley also filed a motion for a cease and desist order. On January 10, 2012, the Clerk of the Court issued a procedural order stating that Shipley's motion for a cease and desist order would be "taken with the case for consideration by the panel to which this case is submitted for disposition on the merits." On January 23, 2012, the Clerk of the Court issued a second procedural order addressing several matters, including the pending motion for default judgment. With respect to that motion, the Clerk of the Court's order stated "[Shipley's] motion for default judgment is hereby ordered taken with the case for consideration by the panel to which this case is submitted for disposition on the merits." The two procedural orders are collectively referred to as the "Eighth Circuit Orders." On October 26, 2012, the Eighth Circuit issued its opinion affirming the District Court's dismissal of the Federal Suit.

On April 12, 2013, the Missouri Department of Social Services, Family Support Division ("FSD") filed a request to register the Kansas Judgment in the Jackson County Circuit Court pursuant to section 454.951.[2] On May 31, 2013, Shipley, acting *pro se*, filed a "Notice for Request of Registration" in FSD's case seeking to register one of the Eighth Circuit Orders as a foreign judgment. On October 9, 2013, the trial court dismissed Shipley's attempt to register the Eighth Circuit Order. On March 31, 2014, the trial court entered a judgment accepting FSD's registration of the Kansas Judgment. Shipley appealed, and this court in *State Dep't of Soc. Services v. Shipley*, 457 S.W.3d 371 (Mo. App. W.D. 2015) affirmed the trial court's judgment by per curiam order. In

---

[2]All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

3

his appeal, Shipley did not claim error associated with the trial court's dismissal of his attempt to register the Eighth Circuit Order.

On June 23, 2014, Shipley, acting *pro se*, filed an action in the Jackson County Circuit Court again seeking to register one of the Eighth Circuit Orders as a foreign judgment ("Case 1").[3] After FSD[4] contested Shipley's registration attempt, the trial court entered its judgment dismissing Shipley's attempt on November 17, 2014.[5] Among other things, the trial court concluded that the Eighth Circuit Order was not a judgment and therefore could not be registered in Missouri under any legal theory. The trial court also concluded that Shipley had undertaken an identical (and unsuccessful) attempt to register one of the Eighth Circuit Orders in 2013,[6] and that claim preclusion barred his repeated request to seek the same relief. On December 16, 2014, Shipley appealed (WD78210).

On January 5, 2015, Shipley, acting *pro se*, filed a second action in the Jackson County Circuit Court seeking to register one of the Eighth Circuit Orders as a foreign judgment ("Case 2").[7] On February 11, 2015, the trial court issued a judgment dismissing Shipley's action with prejudice. On February 20, 2015, Shipley appealed (WD78370).

On August 21, 2014, Shipley, acting *pro se*, filed a third action in the Jackson County Circuit Court seeking to register one of the Eighth Circuit Orders as a foreign

---

[3]Case 1 is styled *Michael Shipley v. Trustee for Child Support Payment*, 1416-FC06059.

[4]The Family Support Division is the trustee for child support payments, pursuant to sections 454.400 and 454.530, and defended the Trustee in the Federal Suit and in Shipley's attempts to register the Eighth Circuit Orders in the trial court.

[5]This judgment was amended Nunc Pro Tunc on December 2, 2014.

[6]The trial court was referring to Shipley's request to register one of the Eighth Circuit Orders in connection with FSD's action seeking to register the Kansas Judgment, which action led to our per curiam order in *State Dep't of Soc. Services v. Shipley*, 457 S.W.3d 371 (Mo. App. W.D. 2015).

[7]Case 2 is styled *Michael Shipley v. Interstate Collection Unit, et al.*, 1516-FC00058.

judgment ("Case 3").[8]  On March 24, 2015, the trial court once again entered a judgment dismissing Shipley's action in form nearly identical to the judgment entered in Case 1. On April 8, 2015, Shipley appealed (WD78519).

On May 4, 2015, this court issued its *sua sponte* order consolidating Shipley's appeals from the judgments entered in Case 1, Case 2, and Case 3.

## Standard of Review

A trial court's decision regarding registration of a foreign judgment "is a legal conclusion, which we review *de novo.*"  *Miller v. Dean*, 289 S.W.3d 620, 624 (Mo. App. W.D. 2009).

## Analysis

Shipley argues[9] that the trial court erred in dismissing his three attempts to register the Eighth Circuit Orders as a foreign judgment because the Eighth Circuit Orders are "default judgments" in the amount of $66.675 million that are entitled to full faith and credit in Missouri state courts pursuant to section 511.760, the Uniform Enforcement of Foreign Judgments Law ("UEFJL").  Shipley's argument is without merit.

The UEFJL "'afford[s] judgment creditors an alternative and summary method of enforcing judgments of foreign forums which were entitled to full faith and credit under the Federal Constitution.'"  *Flexter v. Flexter*, 684 S.W.2d 589, 591 (Mo. App. E.D.

---

[8]Case 3 is styled *Michael Shipley v. Family Support Division Trustee for Child Support Payment*, 1416-FC08020.

[9]Shipley is acting *pro se* in this consolidated appeal and is required to comply with the rules of appellate procedure.  *Brown v. Ameristar Casino Kansas City, Inc.*, 211 S.W.3d 145, 146 (Mo. App. W.D. 2007).  Shipley's briefs do not comply with Rule 84.04 in numerous significant respects, which "is a proper ground for dismissing an appeal." *Id.*  Because we are able to discern Shipley's essential complaint on appeal notwithstanding his woeful lack of compliance with Rule 84.04, we exercise our discretion to review his appeal *ex gratia*.

1985) (quoting *Corning Truck and Radiator Service v. J.W.M., Inc.*, 542 S.W.2d 520, 524 (Mo. App. 1976)). "The nature of the law is derivative. It operates only upon extant foreign judgments entitled to full faith and credit by the registering state. The registering state can give the foreign judgment no greater effect than it would receive from courts in its rendering state." *Flexter*, 684 S.W.2d at 591 (citing *Winget v. Woods*, 294 S.W.2d 43, 46 (Mo. App. 1956)).

Shipley seeks to register the Eighth Circuit Orders as "default judgments" in the amount of $66.675 million. The Eighth Circuit Orders are not judgments. They do not award relief of any kind to any party, let alone monetary relief. The Eighth Circuit Orders were procedural orders signed by a court clerk which advised the parties that Shipley's motions for default judgment and for a cease and desist order had been "taken with the case," meaning that the motions had been passed along for consideration by the panel of Eighth Circuit judges who would ultimately decide the appeal on its merits.[10] Shipley would not have been able to enforce either of the Eighth Circuit Orders as a monetary judgment in the Eighth Circuit because neither is a monetary judgment against the Trustee, or any other party. Shipley cannot ask a Missouri court to give the Eighth Circuit Orders greater effect than they could have received in the court where they were entered. *Flexter*, 684 S.W.2d at 591. The trial court correctly dismissed Shipley's repeated efforts to register the Eighth Circuit Orders as a foreign default judgment awarding him damages of $66.675 million.

---

[10]Disposition of the appeal on its merits later occurred when the Eighth Circuit issued its opinion affirming the District Court's dismissal of the Federal Suit, which mooted Shipley's pending motions for default judgment and for a cease and desist order.

In addition, Shipley's attempts to register the Eighth Circuit Orders as a foreign judgment in Cases 1, 2, and 3 were barred by the doctrine of claim preclusion. Claim preclusion "prohibits a party from bringing a previously litigated claim." *Kesterson v. State Farm Fire & Cas. Co.*, 242 S.W.3d 712, 715 (Mo. banc 2008). "A court should . . . consider whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions." *Id.* at 716 (internal quotations omitted). "If the claim does arise out of the same act, contract or transaction, the claim is barred by the original judgment under the doctrine of claim preclusion." *Id.*

Shipley first attempted to register one of the Eighth Circuit Orders as a foreign judgment in FSD's action to register the Kansas Judgment, which action gave rise to our per curiam order in *State Dep't of Soc. Services v. Shipley*, 457 S.W.3d 371 (Mo. App. W.D. 2015). In FSD's action, the trial court dismissed Shipley's attempt to register the Eighth Circuit Order. Although Shipley later appealed the trial court's judgment accepting FSD's registration of the Kansas Judgment, he did not raise as a claim of error the trial court's dismissal of his attempt to register the Eighth Circuit Order. Section 511.760.10 provides that "[a]n order setting aside a registration constitutes a final judgment in favor of the judgment debtor." Section 511.760.11 provides that "[a]n appeal may be taken by either party from [a] judgment or order sustaining or setting aside a registration on the same terms as an appeal from a judgment or order of the same court." Because Shipley did not appeal the trial court's order dismissing his attempt to register the Eighth Circuit Order in FSD's case, the trial court's order became final and binding on Shipley. Because the order involved the same parties and the same issues as

7

are involved in Cases 1, 2, and 3, the doctrine of claim preclusion bars Shipley's efforts in those cases to register the Eighth Circuit Orders as a foreign judgment.

The trial court did not err in dismissing Shipley's attempt to register the Eighth Circuit Orders as a foreign judgment in Case 1, Case 2, or Case 3.[11]

## Conclusion

We affirm the judgments in Case 1, Case 2, and Case 3.

---

[11]Rule 84.19 permits an appellate court to award damages to a respondent if it determines that an appeal is frivolous. "A frivolous appeal presents no justiciable question and, on the face of the record, has no merit and thus holds little prospect for success." *White v. Mid-Continent Investments, Inc.*, 789 S.W.2d 34, 41 (Mo. App. W.D. 1990). An appellate court also has the authority to award damages *sua sponte* absent a formal request from a respondent. *Id.* (holding that *sua sponte* damages were appropriate because appellant willfully abused the right to appeal); *see also Mullen v. G.M.A.C.*, 919 S.W.2d 7, 9 (Mo. App. W.D. 1996) (*sua sponte* damages were appropriate because appellant failed to plead all the elements of fraud in the trial court and his subsequent appeal from dismissal "had no merit nor any chance of success, and constitutes an abuse of the process of this court and of the system of civil justice").

Shipley's filings of Case 1, Case 2, and Case 3 were plainly frivolous, rendering his appeals from the judgments entered in those cases frivolous. While we restrain from awarding damages pursuant to Rule 84.19 in this consolidated appeal, Shipley is now on plain and clear notice that any further efforts to register either of the Eighth Circuit Orders as a foreign judgment, or to collect or execute on either of the Eighth Circuit Orders as if either is a money judgment, will be viewed as frivolous and in willful disregard of the law. Plainly stated, Shipley does not have a money judgment against FSD, the Trustee, Laura Gibbs, or the Interstate Collection Unit in the amount of $66.675 million.