

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| **MICHAEL SHIPLEY,** | ) | |
| | ) | **WD81892** |
| **Appellant,** | ) | |
| **v.** | ) | **OPINION FILED:** |
| | ) | |
| **STATE OF MISSOURI** | ) | **January 29, 2019** |
| **DEPARTMENT OF SOCIAL** | ) | |
| **SERVICES, FAMILY SUPPORT** | ) | |
| **DIVISION,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
**Honorable Jalilah Otto, Judge**

**Before Division One:**
**Cynthia L. Martin, P.J., Victor C. Howard, and Thomas H. Newton, JJ.**

Mr. Michael Shipley appeals a Jackson County Circuit Court judgment dismissing with prejudice his most recent effort to enforce what he believes are properly registered foreign judgments consisting of two Eighth Circuit Court of Appeals procedural orders which submitted his motions for a cease and desist order and for default judgment to the panel assigned to his appeal. We affirm and remand for the circuit court to determine the costs and fees incurred by the Family Support Division.

Mr. Shipley's four prior attempts to enforce the Eighth Circuit's procedural orders as judgments are detailed in *In re Shipley*, 472 S.W.3d 609 (Mo. App. W.D. 2015).[1] This time, he filed a "memorandum providing reasons for granting a summary judgment" in January 2018 under Rule 74.04, seeking to enforce the orders, which he contends were registered as foreign judgments in Jackson County in 2014. These orders were entered in a 42 U.S.C.A. section 1983 action Mr. Shipley filed in federal district court against the Family Support Division, claiming that its efforts to collect in Missouri child support that he had been ordered to pay in Kansas were fraudulent and seeking $66.675 million in damages. *Id.* at 610-11. The Eighth Circuit affirmed the district court's dismissal of Mr. Shipley's federal fraud action in October 2012.[2] *Id.* at 611. Citing our 2015 ruling, the Jackson County Circuit Court, treating his memorandum as a petition and dismissing it with prejudice, ruled that he "is seeking relief that cannot be granted. Due to [Mr. Shipley's] failure to state a claim upon which relief can be granted, [the Family Support Division's] Motion to Dismiss is GRANTED." Mr. Shipley appeals.

---

[1] Because Mr. Shipley's pro se brief is difficult to understand, we have relied on the facts of the case reported in our 2015 opinion and the circuit court's June 2018 judgment in this appeal.

[2] The October 2012 judgment disposes of an appeal from the district court's Case No. 4:11-cv-00675-FJG, but it was issued under Eighth Circuit Court of Appeals Docket No. 12-3046. Eighth Circuit Court of Appeals Docket No. 11-3856, which also appears to arise from district court Case No. 4:11-cv-00675-FJG, indicates that the case was disposed of in February 2012, with the mandate issuing in March 2012. We will consider the documents Mr. Shipley has appended to his brief or included in the legal file pertaining to Eighth Circuit Court of Appeals Docket No. 11-3856, given that this was the matter addressed in the Jackson County Circuit Court's ruling.

## Legal Analysis

Mr. Shipley's appeal raises four points relied on and includes seven pages setting forth various standards of review, including a few interspersed paragraphs purporting to be statements of facts. We observed in our 2015 opinion that his briefs did not comply with Rule 84.04 in significant respects, but we addressed his "essential complaint" on the merits "notwithstanding his woeful lack of compliance." *Shipley,* 472 S.W.3d at 612 n.9. We allowed him to file an amended brief in this appeal, because his initial brief did not comply with Rule 84.04. We could dismiss this appeal for failure of the amended brief to comply with Rule 84.04. We will address the points *ex gratia* in the hope that we will be able to explain, in a way that Mr. Shipley will understand, why this Court cannot and will not grant him the relief he has requested.[3]

In the first point, Mr. Shipley appears to argue that the trial court erred in ruling that the "clerk order," entered January 10, 2012, on the Eighth Circuit's docket was not a judgment that can be enforced as a foreign judgment in Jackson County Circuit Court. The clerk's order stated, "The motion for a cease and

---

[3] In discussing Mr. Shipley's previous unsuccessful attempt to enforce one of the Eighth Circuit clerk's orders as a foreign judgment in Missouri when the Family Services Division filed an action to register the Kansas judgment, we observed that claim preclusion barred each of his three subsequent efforts to register the orders as foreign judgments. *In re Shipley*, 472 S.W.3d 609, 613 (Mo. App. W.D. 2015). The Family Services Division echoes this conclusion by arguing that res judicata and collateral estoppel prevent Mr. Shipley from registering or enforcing the orders as a foreign judgment in any Missouri court. The division also argues that the law of the case prohibits his current claim. We agree. We further determined that Mr. Shipley's filings were frivolous and that he was "now on plain and clear notice that any further efforts to register either of the Eighth Circuit Orders as a foreign judgment, or to collect or execute on either of the Eighth Circuit Orders as if either is a money judgment, will be viewed as frivolous and in willful disregard of the law." *Id.* at 613 n. 11. Under Rule 84.19, we may award damages to the respondent if we determine that an appeal is frivolous. This appeal is frivolous; accordingly, we order Mr. Shipley to pay all of the division's costs and fees on this appeal.

3

desist order and other relief filed by Appellant Mr. Michael Shipley in 11-3856, [3867376-21] is hereby ordered taken with the case for consideration by the panel to which this case is submitted for disposition on the merits." Mr. Shipley claims that this order was a directive in writing to the parties and the court "to cease and desist and other relief," and they were "derelict in carrying out those duties."

This order was no such directive. No one was ordered to cease and desist; a motion does not have that effect unless it is granted by the court. The court clerk simply ordered that Mr. Shipley's motion asking *the court* to order such relief be submitted to and considered by the court along with the questions raised by Mr. Shipley's appeal.

According to Mr. Shipley, the Eighth Circuit subsequently denied the Family Support Division's motion to dismiss the appeal thus rendering the clerk's order a final judgment entitled to full faith and credit. What he apparently overlooks is that the same day the motion to dismiss was denied, the court vacated the order denying the motion to dismiss and filed a judgment summarily affirming the district court's ruling "in accordance with Eighth Circuit Rule 47A," as well as again denying the motion to dismiss. Local Rule 47A allows the court to dismiss an appeal "if it is not within the court's jurisdiction or is frivolous and entirely without merit. The court may affirm or reverse when the questions presented do not require further consideration." Eighth Cir. Local Rule 47A(a). By affirming the lower court's ruling, the Eighth Circuit effectively

4

rejected Mr. Shipley's motion asking the court to issue a cease and desist order. The Eighth Circuit's judgment did not give him any basis for claiming that the clerk's order then became a judgment that could be enforced by a Missouri court. As Mr. Shipley has been informed repeatedly by the courts, the clerk's order did not grant him the relief he requested in his motion. It was a procedural order that did one thing and one thing only: it transmitted the motion to the Eighth Circuit court for it to consider. Mr. Shipley has not prevailed on the merits before any court and, thus, has nothing to enforce under the Full Faith and Credit Clause.

He also appears to argue that when he registered the January 10, 2012, order in Jackson County it became enforceable "as a matter of law" under Rule 74.14. That rule gives a foreign judgment the "same effect" as a Missouri circuit court judgment and allows it to "be enforced or satisfied in like manner." Rule 74.14(b); *see also Flexter v. Flexter*, 684 S.W.2d 589, 591 (Mo. App. E.D. 1985) ("The registering state can give the foreign judgment no greater effect than it would receive from courts in its rendering state."). The only effect of the clerk's order submitting Mr. Shipley's motion for a cease and desist order to the Eighth Circuit court for its consideration was to submit the motion to that court. It was submitted to the Eighth Circuit and disposed of. Even if a Missouri state court could order the submission of a motion to a federal appeals court, the case has been disposed of on the merits, making the motion moot, i.e., irrelevant because it is no longer able to affect the case. This point is denied.

5

In the second point, Mr. Shipley appears to argue that the trial court erred in ruling that the "clerk order," entered January 23, 2012, on the Eighth Circuit's docket was not a judgment that can be enforced as a foreign judgment in Jackson County Circuit Court. The clerk's order stated in relevant part, "Appellant's motion for default judgment is hereby ordered taken with the case for consideration by the panel to which this case is submitted for disposition on the merits." As noted above, the motion was submitted to the Eighth Circuit panel and was effectively denied when that court affirmed the district court judgment dismissing Mr. Shipley's section 1983 action. Mr. Shipley claims that this order was a directive in writing to the parties and the court "for a default judgment," and they were "derelict in carrying out those duties."

This order was no such directive. No one was ordered to enter a default judgment; a motion does not have that effect unless it is granted by the court. The court clerk simply ordered that the motion requesting *the court* to enter a default judgment be submitted to and considered by the court along with the questions raised by Mr. Shipley's appeal. By affirming the lower court's ruling, the Eighth Circuit rejected Mr. Shipley's motion for a default judgment. The Eighth Circuit's judgment did not give him any basis for claiming that the clerk's order was a judgment that can be enforced by a Missouri court.

6

Mr. Shipley also asserts that a local Eighth Circuit court rule allows a party to seek reconsideration of a clerk's order. Eighth Cir. Local Rule 27A(a). Because the Family Support Division filed a motion to dismiss the same day that the clerk entered an order submitting Mr. Shipley's motion for default judgment to the Eighth Circuit panel for disposition, Mr. Shipley contends that the court's denial of the motion to dismiss rendered the clerk's order on his motion conclusive and entitled to full faith and credit. The Family Support Division did not ask the court clerk under Local Rule 27A to reconsider its order that submitted Mr. Shipley's motion for default judgment to the Eighth Circuit panel. The Family Support Division filed a motion to dismiss the entire appeal. While the Eighth Circuit denied that motion, it nevertheless did not rule in Mr. Shipley's favor; it affirmed the district court's ruling dismissing the section 1983 action. And that ruling did not convert the clerk's order into a judgment entitled to full faith and credit in a Missouri court. Hopefully, it is clearly stated one more time: the clerk's order did not grant him the relief he requested in his motion; it was a procedural order that transmitted the motion to the Eighth Circuit court for it to consider.

He also appears to argue that when he registered the January 23, 2012, order in Jackson County it became enforceable "as a matter of law" under Rule 74.14. The only effect of the clerk's order submitting Mr. Shipley's motion for a default judgment to the Eighth Circuit court for its consideration was to submit the motion to that court. It was submitted to the Eighth Circuit and disposed of

7

in a manner that effectively denied him the relief he had requested. Even if a Missouri state court could submit a motion to a federal appeals court, which is all a Missouri court could do to enforce the order, the case has been disposed of on the merits, making the motion moot. This point is denied.

The third point challenges a footnote in the trial court's judgment, claiming that it erred in noting that the Eighth Circuit affirmed the dismissal of Mr. Shipley's complaint on October 26, 2012, "thereby denying Mr. Shipley's motion to cease and desist and his motion for default judgement." According to Mr. Shipley, the October 2012 judgment is irrelevant, because it involves a different case. The Eighth Circuit's October 2012 order affirmed the district court's ruling in No. 4:11-cv-00675-FJG, albeit, as noted above, under a different docket number. The orders that Mr. Shipley claims are entitled to enforcement in Missouri's courts were entered in the appeal from the district court's ruling in No. 4:11-cv-00675-FJG. Even if the trial court had erred in referencing the October 2012 order, Mr. Shipley has failed to explain how that error led to an erroneous disposition of his case. This point is denied.

In the fourth point, Mr. Shipley argues that the trial court erred in quoting from our 2015 disposition of an earlier appeal: "Eighth Circuit Orders are not judgments. They do not award relief of any kind to any party, let alone monetary relief." *Shipley*, 472 S.W.3d at 613. In his view, this statement "refers to the validity of the judgments." He cites case law indicating that a foreign judgment "is entitled to a strong presumption that the court had jurisdiction over the parties

8

and the subject matter and that it followed its laws and entered a valid judgment."

*See Wheeler v. Winters*, 134 S.W.3d 774, 777 (Mo. App. W.D. 2004) ("Absent a showing to the contrary, a judgment of a court of a sister state is entitled to a strong presumption that the court had jurisdiction over the parties and the subject matter and that it followed its laws and entered a valid judgment."). In Mr. Shipley's view, orders submitting motions to the Eighth Circuit for its consideration became judgments that could be registered under Rule 74.14 because the Family Support Division filed a motion to dismiss, which was denied, and then the Eighth Circuit filed its judgment in the case, thus making the clerk's procedural orders judgments entitled to full faith and credit. Even if he were correct, and he is not, we can give foreign judgments only that effect which they would have been given in the rendering jurisdiction. The orders sending his motions to the Eighth Circuit panel did not decide the case in his favor; they sent his motions to the Eighth Circuit panel for its decision. That would be all that a Missouri court could do. By affirming the district court, however, the Eighth Circuit decided the case against him, including his motions. He has nothing to enforce in the Missouri courts. This point is denied.

## Conclusion

Because the circuit court did not err in dismissing Mr. Shipley's "petition" for summary judgment with prejudice, we affirm. Because this appeal was frivolous and Mr. Shipley was on notice that such an appeal would be frivolous, we impose damages against him under Rule 84.19, awarding the Family Support Division its costs and fees on this appeal. On remand to the circuit court, the Family Support Division shall submit the costs and fees to be paid by Mr. Shipley.

/s/ *Thomas H. Newton*
Thomas H. Newton, Judge

Cynthia Martin, P.J., and Victor Howard, J. concur.