

# In the Missouri Court of Appeals
## Western District

STATE OF MISSOURI, Ex rel:     )
DEPT. OF SOCIAL SERVICES,     )
FAMILY SUPPORT DIVISION and     )      WD83053
LAURA L. GIBBS,     )
                  Respondent,  )
v.     )      FILED: March 24, 2020
    )
MICHAEL SHIPLEY,     )
                  Appellant.  )

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
### THE HONORABLE JALILAH OTTO, JUDGE

### BEFORE DIVISION THREE: LISA WHITE HARDWICK, PRESIDING JUDGE, THOMAS H. NEWTON AND ALOK AHUJA, JUDGES

Michael Shipley appeals the judgment denying his application to transfer his motion for judgment on the pleadings from the family court to the circuit court. For reasons explained herein, we dismiss Shipley's appeal for non-compliance with Rule 84.04(e) and deny his motion for attorney's fees.

### FACTUAL AND PROCEDURAL HISTORY

In 2013, the Department of Social Services, Family Support Division ("the Division") filed a request for registration of a Kansas court order ("the Kansas order") commanding Shipley to pay child support. The Jackson County Circuit Court confirmed the registration of the Kansas order and issued a final judgment of contempt against

Shipley for failure to pay child support. During the registration proceedings, Shipley attempted to register two procedural orders entered by the Eighth Circuit Court of Appeals for the United States in an earlier *pro se* 42 U.S.C. Section 1983 action filed by Shipley ("the Eighth Circuit orders"). The orders stated that Shipley's motions – for an order requiring the Division to cease and desist and for a default judgment awarding $66.675 million in damages against the Division – would be taken with Shipley's appeal. The Eighth Circuit eventually denied both motions. Accordingly, the circuit court denied his attempt to register the procedural orders as operative foreign judgments.

Shipley appealed the registration of the Kansas order in *Department of Social Services v. Shipley*, 457 S.W.3d 371, 372 (Mo. App. 2015) (mem.) ("*Shipley I*"), but did not allege any error to the circuit court's denial of his motion to register the Eighth Circuit orders. We subsequently affirmed the decision of the circuit court. After that initial appeal, Shipley filed three separate actions in the circuit court attempting to register the Eighth Circuit orders. Those attempts were denied by the circuit court and, on appeal, were rebuked by this court in *Shipley v. Trustee for Child Support Payment*, 472 S.W.3d 609, 610-14 (Mo. App. 2015) ("*Shipley II*"). In *Shipley II*, we stated that "Shipley is now on plain and clear notice that any further efforts to register either of the Eighth Circuit Orders as a foreign judgment, or to collect or execute on either of the Eighth Circuit Orders as if either is a money judgment, will be viewed as frivolous and in willful disregard of the law." *Id.* at 613 n.11.

Nevertheless, Shipley made repeated efforts to register the Eighth Circuit orders following *Shipley II* and was eventually sanctioned and temporarily prohibited from any further filings in the circuit court. In 2018, Shipley mounted another attempt, filing a

memorandum that purported to be a motion for summary judgment. The circuit court subsequently treated the filing as a petition before dismissing it with prejudice for failure to state a claim. Shipley appealed, and we affirmed the dismissal in *Shipley v. Department of Social Services*, 568 S.W.3d 459, 464 (Mo. App. 2019) ("*Shipley III*"). In *Shipley III*, we explained, *ex gratia*, that Shipley did not have an operative foreign monetary judgment, and we awarded the Division damages pursuant to Rule 84.19. *Id.*

In May 2018, the Division filed a motion for sanctions against Shipley. The circuit court overruled the motion. In April 2019, Shipley filed a motion for judgment on the pleadings pursuant to Rule 55.27(b). In the motion, Shipley asserted that the circuit court's act of denying the Division's motion for sanctions overruled our opinions in *Shipley II* and *Shipley III* and reopened all of his previous motions for a grant of summary judgment determining that the Eighth Circuit orders were operative foreign judgments. The circuit court denied the motion, ruling that there were no open pleadings before the court and, therefore, no pleadings upon which to grant judgment. The court also noted that Shipley's assertion that the denial of one motion for sanctions "is somehow an acknowledgement by the Court that his prior claim had merit, is patently erroneous" before ruling that the doctrine of law of the case foreclosed any relief for Shipley.

Shipley subsequently filed a motion purporting to be an "APPLICATION FOR TRANSFER AND REASSIGNMENT . . . OF CIVIL CASE . . . FROM FAMILY COURT DIVISION TO CIRCUIT COURT DIVISION FOR SUMMARY JUDGMENT ON THE PLEADING. RULE 55.27(b)" with the family court. The family court denied the motion for transfer, ruling that Shipley's motion was untimely under Rule 51.05 and Sixteenth

3

Judicial Circuit Court Rule 6.8 ("Local Rule 6.8") and that Shipley had failed to present any new legal or factual assertion warranting review under Rule 130.13.  The circuit court adopted the ruling and entered judgment accordingly.  Shipley appeals.

<strong>ANALYSIS</strong>

Shipley appears *pro se* in this appeal.  "We hold *pro se* appellants to the same procedural rules as attorneys, and we do not grant them preferential treatment regarding compliance with those rules."  *Kim v. Kim*, 431 S.W.3d 524, 525 (Mo. App. 2014).  "Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made."  *Summers v. Mo. Dep't of Corrs.*, 459 S.W.3d 922, 923 (Mo. App. 2015) (citation and quotations omitted).  Consequently, the failure to substantially comply with the requirements of Rule 84.04 preserves nothing for review and establishes grounds for dismissal.  *Wallace v. Frazier*, 546 S.W.3d 624, 626 (Mo. App. 2018).

Shipley's sole point on appeal asserts that the family court's denial of his application for transfer to the circuit court for an entry of a judgment on the pleadings deprived him of his "due process of law."  He further contends, "These legal contentions are warranted by exiting [sic] law and are protected by the due process clause of the 14th Amendment and does support the claim of reversible error."  Shipley, however, fails to develop this contention throughout his argument.  "To develop a point relied on, the 'argument should show how the principles of law and the facts of the case interact.'"  *Id.* at 628 (citing *Kim*, 431 S.W.3d at 526).  Shipley does not explain how the Fourteenth Amendment to the United States Constitution and Local Rule 6.8 interact; instead,

4

Shipley copies long portions of docket entries and orders and makes repeated, conclusory assertions that Local Rule 6.8 confers "a fundamental and procedural right that's protected by the due process clause." "When an appellant fails to support contentions with relevant law and analysis beyond conclusory statements, we deem the point abandoned." *Id.* Accordingly, the point on appeal is dismissed.

## CONCLUSION

We dismiss Shipley's appeal and deny his motion for attorney's fees.

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR